■  In the Matter of HELEN RAIFORD, an Infant, by Her Mother and Natural Guardian, LILLIE RAIFORD, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Appeal from an order of the Supreme Court, Westchester County, dated May 17, 1967, which granted petitioners' motion to direct appellant to accept the claim affidavits of both petitioners. Order modified by (1) inserting in the first decretal paragraph, after the word " granted ", the following: " as to the infant claimant, Helen Raiford, and denied as to the adult claimant, Lillie Raiford "; (2) striking from the second decretal paragraph the word " affidavits " and substituting therefor the following: " affidavit of Helen Raiford "; and (3) inserting in the third decretal paragraph, after the word " claim ", the following: " of Helen Raiford ", and by substituting in said paragraph the words " it was " in place of " they were ". As so modified, order affirmed, without costs. The infant claimant was 10 years old at the time of the accident. Absent any undue prejudice to appellant, she was therefore excused of the necessity of strict compliance with the 90-day notice provision of subdivision (a) of section 608 of the Insurance Law; and the fact that her mother,

the co-claimant, within the 90-day period retained counsel, who failed to file claim affidavits within that period, is immaterial. Moreover, such delay may reasonably be attributed to the infant claimant's infancy and dependence upon her mother (*Matter of Gibson* v. *MVAIC*, 23 A D 2d 562; *Matter of Smolenski* v. *MVAIC*, 26 A D 2d 820; *Matter of McNulty* v. *MVAIC*, 28 A D 2d 1209; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397; *Russo* v. *City of New York*, 258 N. Y. 344, 348). In our opinion, however, the infant's mother was not excused from compliance with the 90-day limit. Since she was neither mentally nor physically incapacitated after the accident so as to come within one of the exceptions to the said 90-day limitation, it was error for Special Term to order appellant to accept her claim affidavit (*Matter of Gibson* v. *MVAIC*, *supra*; *Rosante* v. *Copenhaver*, 15 A D 2d 825). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.