■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ROBERT ALFARONE, JR., et al., Respondents.—In a proceeding, *inter alia,* to stay arbitration under the New York automobile accident indemnification

endorsement contained in a policy issued by petitioner, the appeal is from a judgment of the Supreme Court, Westchester County, entered May 6, 1977, which denied the application. Judgment affirmed, with $50 costs and disbursements. This case involves an injury to an infant resulting from a collision of unregistered trail bikes which were operated on trails on private property. In determining an application to stay arbitration, courts are confined to the narrow issue of whether the dispute is arbitrable and the merits of the claim are not to be reached *(Matter of Schachter [Witte & Co.],* 52 AD2d 121). The present dispute involves questions of fact and issues of contract interpretation concerning whether the claimant was injured by a motor vehicle on a public highway. This dispute comes within the language of the policy's arbitration clause, which provides for arbitration of any claim where the claimant and the company "do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured". The scope of legal entitlement necessarily includes a question of coverage and, therefore, the issues must be resolved by the arbitrators. The claimant's failure to give notice within 90 days may be excused in the absence of any showing of prejudice and in view of the claimant's young age (12 years old) (see *Matter of Raiford v Motor Vehicle Acc. Ind. Corp.,* 29 AD2d 883). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.