■  In the Matter of the Arbitration between JOHN W. COWPER COMPANY, INCORPORATED, Appellant, and HIRES-TURNER GLASS COMPANY et al., Respondents.—Order reversed, with costs, motion to stay arbitration denied and request for consolidation granted. Memorandum: The John W. Cowper Company, Inc., appeals from an order granting the motion of Hires-Turner Glass Company, Chromalloy American Corporation and Chromalloy Building Products to stay Cowper's demand for arbitration. The matter arises from several contracts involving the construction of Lincoln First Tower, an office building in the City of Rochester. Clintstone Properties, Inc., the owner, demanded arbitration with Cowper, the general contractor, under the broad arbitration provisions of the general contract, alleging $713,000 damages arising "by reason of water penetration through the exterior walls" of the building. Cowper denied responsibility for the damages, served respondents with the demand for arbitration and requested that the two arbitrations be consolidated. Special Term stayed Cowper's demand, holding that the claim was not subject to arbitration. It relied upon language found in paragraph 24 of the subcontract which excepts from arbitration "any claim, dispute or matter of any kind where such claim, dispute or matter is covered by insurance, unless the insurance carrier consents in writing to such arbitration and agrees to be bound thereby." The insurer has not consented to arbitration. We find that the parties have agreed generally to arbitrate their disputes and that respondents have failed to meet their required burden of proving that the matters presently in dispute are excepted from the contract arbitration clauses. We therefore reverse and order the arbitration to proceed and grant the request that it be consolidated with the Clintstone arbitration. The general contract contains a broad arbitration clause in its general conditions, section 7.10, which covers all claims and disputes. Paragraph 3 of the subcontract incorporates the general contract by reference and paragraph 24 of the subcontract recognizes that there may be arbitration if it is "provided for * * * in the general conditions of the general contract". It is true, as respondents claim, that the last sentence of paragraph 24 of the subcontract limits the issues to be arbitrated but it does not provide a basis for finding that there was no agreement to arbitrate. Once an agreement to arbitrate has been determined, it is for the arbitrator to interpret the agreement in order to decide which issues are subject to arbitration and which are not *(Pearl St. Dev. Corp. v Conduit & Foundation Corp.,* 41 NY2d 167). Furthermore, respondents have failed to make a proper showing that the issues raised in the notice are excluded from the agreement to arbitrate, i.e., that they are covered by insurance. Appellant's demand for arbitration specifies the claims as "faulty fabrication, assembly, installation, sealing and inspection of * * * exterior walls," and other defects of supply and construction which caused water to penetrate the exterior walls. At Special Term respondent made only a conclusory allegation that the claims were covered by insurance without specification as to an insurance contract or the items allegedly covered. The insurance policy was not included in the record until the argument on this appeal and although the policy includes an indorsement covering contractual liability, the coverage is severely limited and does not by its terms cover the items of damage claimed by the owner of the property. On the contrary, exclusions (i), (j) and (k) appear to eliminate insurance coverage for costs

to seal exterior walls, costs to repair damage caused by leakage and extraordinary inspection and sealing costs. All concur, except Cardamone and Doerr, JJ., who dissent and vote to affirm in the following memorandum.

Cardamone and Doerr, JJ. (dissenting). The narrow arbitration clause contained in the subcontract between Cowper and Hires-Turner governs what forum will resolve disputes made against Hires-Turner under the subcontract. The incorporation by reference of the broad arbitration clause between the owner and the general contractor in the subcontract does not mean that Hires-Turner agreed to arbitration as the forum for disputes against it. Rather, it indicates that it has accepted the agreement to arbitrate between the owner and Cowper Company and had agreed to be bound by a determination in a proceeding between those parties *(Matter of Fidelity & Deposit Co. of Md. v Parsons & Whittemore Corp.,* 48 NY2d 127). Thus, the vouching-in procedure directed by Special Term pursuant to paragraph 23 of the subcontract dovetails and fulfills the purpose and intent of the parties expressed in paragraph 24. The operative language of paragraph 24 states that matters arising under the subcontract are subject to arbitration, except "where such claim, dispute or matter is covered by insurance." In a commercial transaction a party may not be compelled to arbitrate absent an "express, unequivocal agreement to that effect" *(Matter of Marlene Inds. Corp. [Carnac Textiles],* 45 NY2d 327, 333). We cannot construe this contract, as the majority does, as containing an unequivocal consent to arbitrate. Rather the subcontractor by excluding claims covered by insurance from arbitration clearly indicated that any such claim against it which arises under the subcontract would be litigated in the State's trial courts where its insurance carrier would provide the defense. We do not believe that it may properly be deprived of that choice by an analysis of the exclusions set forth in the insurance contract, inasmuch as all that is required to eliminate the arbitration forum is insurance coverage. Such coverage is plainly provided to Hires-Turner under the "contractual liability insurance" portion of the policy which states that the coverage applies to "all written and oral contracts between the Insured and others relating to the business of the Insured as stated in the Declarations". Regardless of whether the insurance company would have to pay this particular contractual claim—and concededly such is not certain and also not before us—the point is that this claim or dispute is one covered by insurance, where the forum for the determination of the claim would be a State trial court and not arbitration. For these reasons and for the reasons stated at Special Term, we dissent and vote to affirm. (Appeal from order of Onondaga Supreme Court—arbitration.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.