■ In the Matter of TED SLEPIAN, Respondent, v BEANSTALK RESTAURANTS, INC., et al., Appellants.—Order, Supreme Court, New York County, entered February 15, 1980, denying respondents' motions to enjoin an escrow agent from delivering certain shares of stock in Beanstalk Restaurants, Inc., pending submission of the dispute between the parties to arbitration, unanimously reversed, on the law, and the motions granted, with costs, enjoining delivery by the escrow agent of such shares pending determination by the arbitrators as to the continuance of the injunction pending an ultimate determination on the merits. Beanstalk Restaurants,

Inc., is a close three-man corporation, with 50% of the stock owned by petitioner Slepian and 25% each by respondents Kraidman and Spiegel. They entered into a shareholders' agreement with a very broad arbitration clause, which also provides for a court injunction regarding disposition of the shares of the corporation to maintain the *status quo* in aid of arbitration. Slepian apparently loaned money to the corporation pursuant to an agreement whereby the shares of Kraidman and Spiegel would be held by Slepian's attorney in escrow as security for repayment. Slepian commenced a proceeding for judicial dissolution of the corporation based on director deadlock. Kraidman sought arbitration of the issue of dissolution and obtained a court order staying the proceeding pending arbitration. Slepian then demanded repayment of his loan, and not obtaining repayment, demanded delivery of the shares held in escrow as security. The escrow agent informed Kraidman and Spiegel that he would honor the demand unless stayed by court order. Respondents then moved in the dissolution proceeding for an injunction restraining the delivery of the stock pending arbitration of the issue of the alleged loans. An amended demand for arbitration covering this added dispute was served. Special Term denied the motion for a stay in that it examined the merits and concluded that respondents Kraidman and Spiegel were not likely to prevail in the dissolution proceeding. We maintained the *status quo* by issuing a temporary stay pending determination of the instant appeal from this order. Obviously, the disposition of the shares under these circumstances is inextricably intertwined with the dissolution proceeding. If the issued shares are delivered, the dissolution dispute becomes academic as the deadlock disappears. Because the dispute relating to the disposition of the shares is specifically embraced within the judicial injunction provision in aid of arbitration set forth in the shareholders' agreement, it follows that the motion for an injunction staying such disposition was properly maintainable in the dissolution proceeding. The escrow agent is merely a stakeholder, and in any event had actual notice, so that the failure to make him a party is not a jurisdictional defect. He was served and interposed an affirmation to the effect that he will abide by the court's ruling. Further, the judicial injunction contemplated in the arbitration clause is aimed at maintaining the *status quo* to afford the parties to the shareholders' agreement the requisite opportunity to obtain injunctive relief from the arbitrators regarding the merits of the dispute. This aims at preventing irreparable injury in the interim, i.e., before the arbitrators have a chance to act. The merits of the dispute between the parties are for the arbitrators, the court being relegated to considering the injunctive relief application under the circumstances herein solely from the viewpoint of maintenance of the *status quo*. Thus, the court's inquiry on the motion for an injunction to stay disposition of the shares pending submission of that dispute to the arbitrators was limited to determining whether the dispute was one subject to arbitration as agreed to by the parties and, upon determining that it was within the arbitration clause, to determine whether an injunction is needful to maintain the *status quo*, i.e., prevent irreparable injury. Upon concluding that the dispute was subject to arbitration, it was improper to determine the merits of that dispute for such action is reserved for the arbitrators. Special Term erred in inquiring into and rendering a determination in respect of the merits. Concur—Ross, J. P., Markewich, Lupiano, Bloom and Carro, JJ.