MARGARET R. STILLMAN, Respondent, v JOHN S. STILLMAN, Appellant.

First Department, May 21, 1981

## APPEARANCES OF COUNSEL

*Jack S. Hoffinger* of counsel *(Robert Z. Dobrish* and *Robert A. Goldschlag* with him on the brief; *Hoffinger, Friedland & Roth*, attorneys), for appellant.

*Irving Parker* of counsel *(Joseph N. Salomon* with him on the brief; *Jacobs Persinger & Parker*, attorneys), for respondent.

## OPINION OF THE COURT

MARKEWICH, J.

This case presents the problem of resolution of a superficial conflict between two clauses in a separation agreement. The parties were formerly husband and wife, who were divorced in December, 1966, the provisions of a separation agreement entered into a few days earlier having been incorporated into the decree. That agreement provides generously for alimony, to be decreased to a much lesser sum in the event of the wife's remarriage. It is defendant's position that plaintiff has effectively remarried

in that she has been living for some time in an allegedly meretricious relationship with another man. Be that as it may, he ceased making alimony payments sometime in 1980, following which she instituted suit against him for the unpaid sums. He countered by serving a "notice of intention to arbitrate", coupled with a motion to stay the action, thereby complying with CPLR 7503. Special Term, interpreting the separation agreement, held that the husband's withholding of alimony "gave the former wife the right to sue for damages or seek other legal remedies including arbitration. She elected to litigate, and it was within her right to do so." Further, that the question "of the former wife's purported 'remarriage' * * * may be asserted as an affirmative defense" in the answer directed to be served. To have litigated that issue at law would have doomed defendant's claim as to the nature and effect of the wife's claimed relationship with another. (See *Northrup v Northrup*, 43 NY2d 566.)

The controversy has its root in two separate paragraphs of the agreement:

"17. Breach. (a) If the Husband or Wife fail in the due performance of any material obligation under this agreement, the Husband or Wife may sue for damages or seek such other legal remedies as may be available to her or him.

"(b) If the Husband fails to make any payment required under this agreement within twenty days after the due date, the Husband shall pay interest upon such amount from the due date to the date it is paid at the rate of six per cent per annum, compounded quarterly." and

"23. Arbitration. Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration in New York City in accordance with the laws of the State of New York by three arbitrators to be appointed pursuant to the Rules of the American Arbitration Association, and said arbitration shall be conducted in accordance with the Rules of said Association. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof." Plaintiff's position, upheld at Special Term, is that she enjoys a choice of remedies. Defendant-appel-

lant's position is that the court had no right to interpret the agreement, but, on the arbitration clause alone, should have relegated the whole matter to the arbitrator to determine the intention of the parties as to arbitrability. Thus, the arbitrator would determine which clause applies. We hold with appellant.

Our consideration of the problem leads us to high authority's statement of public policy in this field:

"It is always useful to bear in mind that the announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. 'One way to encourage the use of the arbitration forum' we recently noted 'would be to prevent parties to such agreements from using the courts as a vehicle to protract litigation. This conduct has the effect of frustrating both the initial intent of the parties as well as legislative policy' *(Matter of Weinrott [Carp]*, 32 NY2d 190, 199). To this end the Legislature has assigned the courts a minimal role in supervising arbitration practice and procedures.

"Generally it is for the courts to make the initial determination as to whether the dispute is arbitrable, that is 'whether the parties have agreed to arbitrate the particular dispute' *(Steelworkers v American Mfg. Co.*, 363 US 564, 570-571; CPLR 7503, subd [b]; compare *Matter of Long Is. Lbr. Co. [Martin]*, 15 NY2d 380). The ultimate disposition of the merits is of course reserved for the arbitrators and the courts are expressly prohibited from considering 'whether the claim with respect to which arbitration is sought is tenable, or otherwise pass[ing] upon the merits of the dispute' (CPLR 7501). Ideally then the courts should confine themselves to the arbitration clause and leave the overall contract to the arbitrators." *(Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 95.)

This quotation requires no elaboration.

To proceed further: "We hold that in this instance under a broad arbitration clause it is for the arbitrators, as one aspect of their consideration of the claim on its merits, to resolve questions of interpretation of the contract documents, on the outcome of which will depend whether there

are requirements preliminary to the presentation of this claim to arbitration, and, if so, then to determine whether there has been such failure to meet those requirements as to preclude arbitration of the claim." *(Pearl St. Dev. Corp. v Conduit & Foundation Corp.*, 41 NY2d 167, 168.) Further, "[t]he principle that under a broad arbitration clause the interpretation of contract provisions is for the arbitrator has general application." *(Pearl St. Dev. Corp. v Conduit & Foundation Corp., supra*, p 171.) Citing *Pearl Street* as authority, the Appellate Division, Fourth Department, paraphrased the principle: "Once an agreement to arbitrate has been determined, it is for the arbitrator to interpret the agreement in order to decide which issues are subject to arbitration and which are not". *(Matter of Cowper Co. [Hires-Turner Glass Co.]*, 72 AD2d 934.) The foregoing quotations, in application, translate into our holding that the question of which paragraph, 17(a) or 23, of the separation agreement is to be applicable here, i.e., whether the suit for unpaid alimony is to be resumed, or the entire controversy is to be relegated to the arbitrator. And this accords with the clear intendment of the second sentence of CPLR 7501. It is conceivable, though we see no necessity for ruling here on this question, that, were there nothing more than an amount certain being sought, plaintiff might be sustained as to a right to a lawsuit, but we do not see how this would apply to this less simple issue arising from defendant's special claim of being able to defeat part of that payment.

Several arguments advanced by the former wife are worthy of passing attention. Paragraph 18(b) of the agreement provides: "The Husband shall pay all reasonable counsel fees incurred by the Wife in connection with any lawsuit for the enforcement of this agreement or the enforcement of any judgment or decree of any court which may incorporate all or any part of this agreement, provided the Wife gives thirty days' notice, by registered mail, of the claimed default before she commences legal proceedings in connection therewith and further provided that the Husband shall not be obligated for any legal fees if he obtains a judgment holding that he was not in default." It is reasoned that this language clearly indicates that it was the

parties' intention that a lawsuit was to be the method of seeking relief for breach. We regard the paragraph as doing no more than describing a possible item of damage. Nor can it be deemed a waiver of defendant's right to arbitrate —or even to resist—plaintiff's claim for full payment that defendant endured for 10 years the conduct of his former wife, which he finds so distasteful, while he waited to find a forum in which he might conceivably be able to prevail. The argument of waiver might better be presented to the arbitrator; it has no validity at the threshold.

Accordingly, the judgment, denominated an order, Supreme Court, New York County (EVENS, J.), entered January 23, 1981, should be reversed, on the law, the motion of defendant-appellant to compel arbitration and to stay the pending action between the parties granted, and the judgment nullifying defendant's notice for arbitration vacated, without costs.

KUPFERMAN, J. (dissenting). The agreement is ambiguous as to remedy, providing for a choice as set forth in the majority opinion. It would seem that whoever first commences legal action would be entitled to choose the remedy. The wife instituted suit because the alimony payments ceased. At that point, the husband decided on the remedy of arbitration. However, he could not then, as the majority would do, oust the court of jurisdiction.

I would affirm.

MURPHY, P. J., SANDLER and LYNCH, JJ., concur with MARKEWICH, J.; KUPFERMAN, J., dissents in a separate opinion.

Judgment (denominated an order), Supreme Court, New York County, entered on January 23, 1981, reversed, on the law, the motion of appellant to compel arbitration and to stay the pending action between the parties granted, and the judgment nullifying appellant's notice for arbitration vacated, without costs and without disbursements.