OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The arbitration clause in the parties’ separation agreement expressly, directly and unequivocally covered the issue of *896 downward support modification (see, Bowmer v Bowmer, 50 NY2d 288, 293; Gangel v DeGroot, 41 NY2d 840, 841). Thus, whether the particular dispute involving arrears is proper subject matter for arbitration is a question for the arbitrator (Stillman v Stillman, 80 AD2d 356, 359, affd on opn below 55 NY2d 653).
Furthermore, the use of the phrase “either party may submit such dispute to arbitration” should be interpreted to limit the aggrieved party to a choice between arbitration and abandonment of the claim (Matter of Elliot v City of Binghamton, 94 AD2d 887, affd 61 NY2d 920; Bonnot v Congress of Ind. Unions, 331 F2d 355, 359). The ongoing negotiations and agreements to postpone arbitration signal defendant’s continuing perseverance.
Moreover, once it is decided that arrears may be covered by the arbitration clause, the arbitrator is empowered to consider arrears even though they accumulated before the arbitration clause was invoked (Stillman v Stillman, supra). Plaintiff argues that pursuant to Domestic Relations Law § 244, these arrears are a sum certain impervious to challenge. However, even under section 244, defendant is allowed to show that his failure to seek relief earlier was motivated by “good cause.” Defendant should be allowed to make such a showing before the arbitrator.
In view of the arbitrability of this dispute, defendant effectively commenced arbitration with his cross motion to compel arbitration (CPLR 7503 [a]).
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.