■ DAVID BERG et al., Respondents, v IRVING DIMSON et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered August 29, 1988, which, upon reargument, vacated and withdrew the decision of the same court dated July 18, 1988, and reinstated an order and an order and judgment (denominated order) of the same court entered June 7, 1988, which prior order and order and judgment granted resettlement of an order entered June 5, 1987 (Alfred Klein, J.), and on resettlement directed, *inter alia,* certain named parties who had signed arbitration agreements to arbitrate the disputes raised in this action, unanimously modified, on the law, without costs, to the extent of directing that the parties who have signed the partnership and joint venture agreements of 64th Street-Third Avenue Associates, Regency Affiliates, Tower Associates, and Regency Joint Venture arbitrate the disputes raised in this action, pending which this action is stayed, and as modified, affirmed. The appeals from the order and order and judgment of the same court entered June 7, 1988 are dismissed as superseded by the appeal from the order of August 29, 1988, without costs.

This is an action by various partners of 11 real estate partnerships (two of which, Regency Affiliates and Tower Associates, are members of a joint venture known as Regency Joint Venture) who sue individually and derivatively on behalf of the partnerships and joint venture seeking an account-

ing, injunctive, equitable, and other relief, against the defendants, including other members of the partnerships, as well as various third parties, including Carlyle Holding Corporation, the managing agent for the various partnerships and joint venture. We recently affirmed, without opinion, an order which, *inter alia,* stayed this action pending arbitration. *(Berg v Dimson,* 137 AD2d 467, *rearg and lv denied* M-1368, M-1369 [May 3, 1988].) Our affirmance recognized that arbitration clauses in some of the partnership agreements were enforceable, and that the scope of arbitration was for an arbitrator to determine, despite language in those agreements suggesting that a suit for specific performance or other equitable relief could be maintained. *(See, Stillman v Stillman,* 80 AD2d 356, *affd* 55 NY2d 653; *Egol v Egol,* 68 NY2d 893; *Matter of Assael v Assael,* 132 AD2d 4; *Matter of Slepian v Beanstalk Rests.,* 75 AD2d 749.) Our affirmance also recognized that the entire action was properly stayed pending arbitration, because although some of the defendants are not signatories to arbitration agreements, and some of the partnership agreements do not contain arbitration clauses, the issues to be determined in arbitration are inextricably interwoven with the remaining issues. *(Brown v V&R Adv.,* 112 AD2d 856, *affd* 67 NY2d 772.)

Plaintiff thereafter moved at IAS for resettlement of the prior order which we had affirmed, on the ground that the order did not specifically compel arbitration and did not specifically identify the parties required to arbitrate the dispute. Plaintiffs argued that Regency Joint Venture, Regency Affiliates and Tower Associates should not be compelled to arbitrate because the arbitration agreements governing those entities require the concurrence of 75% of "active partners" before submission of a controversy to arbitration. Further, plaintiffs argued that the pendency of an action for an accounting involving 64th Street-Third Avenue Associates precluded arbitration with respect to that partnership. *(See, Maroulis v 64th Street-Third Ave. Assocs.,* 133 AD2d 584.) The court was persuaded by these arguments, and in an order and order and judgment entered June 7, 1988, the court, *inter alia,* granted resettlement and directed arbitration, but not with respect to the entities referred to above. Subsequently, in a decision, the court granted reargument and determined that these same entities should in fact proceed to arbitration. Reversing itself yet a second time, in an order entered August 29, 1988, the court again granted reargument, vacated its decision, and reinstated the June 7 orders.

While we believe that resettlement was properly granted so

as to direct the parties to arbitration, we find that the IAS court erred in holding that the partners of the entities named above are not required to proceed to arbitration. As to the pendency of the *Maroulis* action, we note that the action concerns a predecessor partnership which was dissolved over a decade ago, and involves unrelated disputes; we are not persuaded that any waiver of arbitration which occurred there is binding in this subsequent action. As to the claim that 75% of the active partners of the joint venture are required to agree to submit a controversy to arbitration, we believe the plaintiffs misconstrue the various partnership agreements, since these provisions appear not to apply to disputes among the partners, but only to disputes between the partnerships and third parties. The argument has some merit with regard to a demand for arbitration by one partner of the joint venture against the other partner to the joint venture.

Nevertheless, whatever the merits of the arguments now raised, they are clearly not properly the subject of a motion for resettlement. Resettlement is the appropriate method to rectify discrepancies between a decision and an order; it may not be used as a substitute for appeal or reargument to raise new substantive arguments. *(Foley v Roche,* 68 AD2d 558, 566; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.05.) The proper time to advance these arguments was on argument of the motion prior to this court's affirmance. The same reasoning bars reconsideration of the stay of this action previously granted and affirmed by this court.

We therefore modify the order of August 29 so as to direct that the partners of 64th Street-Third Avenue Associates, Regency Affiliates, Tower Associates, and Regency Joint Venture proceed to arbitration, pending which the action is stayed. Concur—Murphy, P. J., Sullivan, Carro and Smith, JJ.