■ In the Matter of the Arbitration between Excelsior 57th Corp., Appellant-Respondent, and Ralph W. Kern et al., Respondents-Appellants. [735 NYS2d 779] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered June 13, 2001, which, to the extent appealed and cross-appealed from, denied petitioner's motion for a judicial interpretation of the parties' ground lease in aid of and prior to arbitration insofar as to hold that it was for the arbitrators to determine in the first instance the merits of the parties' dispute over the valuation of the leased land for the purpose of renewing the lease, but without prejudice to judicial resolution of the dispute should the arbitrators request a judicial determination, and denied that branch of respondents' motion to preclude litigation of the disputed matter under the doctrines of collateral estoppel and/or res judicata, declaring in petitioner's favor that litigation of the instant dispute is not barred by the doctrines of collateral estoppel and/or res judicata, and denied, in part, that branch of respondents' motion seeking, in the alternative, to require that the disputed matter be determined by the arbitrators exclusively, unanimously modified, on the law, to grant respondents' motion to the extent of vacating the declaration in petitioner's favor as to the inapplicability of the doctrines of collateral estoppel and/or res judicata and to vacate that portion of the second decretal paragraph providing that arbitration of the parties' dispute is

"without prejudice to the rights of the arbitrators to request that the Court decide the Renewal Term Valuation Dispute," and otherwise affirmed, without costs.

The instant dispute over the significance of the Renewal Term Valuation Instructions contained in the parties' ground lease was properly found by the IAS court to be arbitrable pursuant to article 35, § 8 of the ground lease (*see, Sisters of Saint John the Baptist, Providence Rest Convent v Phillips R. Geraghty Constructor*, 67 NY2d 997, 998). Having correctly committed the dispute to arbitration, the court's function was exhausted (*see, id.*). The subsidiary issue of whether litigation of the significance of the Renewal Term Valuation Instructions is barred by the doctrines of collateral estoppel and/or res judicata in light of the prior arbitral construction of the same ground lease's Initial Term Valuation Instructions, should have been left for the arbitrators (*see, Matter of City School Dist. v Tonawanda Educ. Assn.*, 63 NY2d 846, 848). In addition, since the matter in dispute was properly found subject to arbitration under the parties' agreement, the IAS court erred when it effectively relieved the arbitrators of their obligation to determine the dispute by indicating that the arbitrators would be entitled to have the court decide the matter in their stead (*see, Egol v Egol*, 118 AD2d 76, 81, *affd* 68 NY2d 893). Concur—Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.