◼ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and MICHELLE VALOIS, Respondent. [776 NYS2d 425]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered February 19, 2003. The order denied petitioner's motion for a permanent stay of arbitration and respondent's cross motion for summary judgment and ordered that the matter proceed to arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent sustained injuries in a single-car accident at 2:51 A.M. on March 31, 2000. A blood test at the hospital at 4:20 A.M. indicated that respondent had a blood alcohol content of .10%. Respondent was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and subsequently pleaded guilty to driving while ability impaired (§ 1192 [1]). Respondent applied for no-fault benefits under her motor vehicle insurance policy, but petitioner denied the claim on the ground that it fell within the intoxication exclusion of the policy. Respondent filed a demand for arbitration, contending that she was not intoxicated at the time of the accident, and petitioner in turn commenced this proceeding seeking a stay of arbitration. After Supreme Court granted petitioner's order to show cause for a temporary stay, petitioner moved for a permanent stay of arbitration. Respondent cross-moved for summary judgment granting her no-fault benefits as a matter of law. The court denied the motion and cross motion and ordered that the matter proceed to arbitration, concluding that, while res judicata did not apply to bar arbitration, respondent raised an issue of fact whether she was actually intoxicated within the meaning of the policy.

We affirm, but for a different reason. We conclude that petitioner's supporting affidavit fails to allege a sufficient basis upon which to grant a stay of arbitration (*see* CPLR 7503 [b]). There are only three threshold questions to be resolved by a court faced with a motion to stay arbitration: whether there is a valid agreement to arbitrate; if so, whether there was compliance with the agreement; and whether the claim would be time-barred if asserted in State court (*see Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201-202 [1995], *rearg denied* 85 NY2d 1033 [1995]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-7 [1980]). The insurance policy at issue here contains a broad agreement to arbitrate "any matter relating to the claim" and thus it is for the arbitrator to decide whether respondent was intoxicated and thus not entitled to no-fault benefits under the policy (*see Matter of Cowper Co. [Hires-Turner Glass Co.]*, 72 AD2d 934 [1979], *affd*

51 NY2d 937 [1980]; *see also Matter of Resnick v Serlin*, 119 AD2d 825 [1986]). Further, the policy does not contain a condition precedent to arbitration and there is no dispute over a limitations period. Thus, we conclude that the parties agreed to arbitrate the instant dispute and that it is for the arbitrator to address the merits of the dispute (*see State Farm Mut. Auto. Ins. Co. v Alfarone*, 62 AD2d 1034, 1035 [1978]; *see also* CPLR 7501). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.