■ TRIANGLE EQUITIES INC., Appellant, v SHELLY A. LISTOKIN, Respondent. [788 NYS2d 14]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 21, 2004, which, in an action by an employer against its former employee to rescind their employment contract, granted defendant's motion to stay the action and compel arbitration, unanimously affirmed, with costs.

The arbitration clause in the subject employment contract provides that "[a]ll disputes between the parties concerning the

interpretation or enforcement of any rights or obligations under this Agreement . . . may be resolved by final and binding arbitration pursuant to the Voluntary Arbitration rules of the American Arbitration Association." We reject plaintiff's argument that the word "may" gave it the right to unilaterally choose to litigate rather than arbitrate its claim. Any choice implicit in the word "may" would not be between arbitration and litigation but between arbitration and abandonment of the claim; to hold otherwise would be treat the arbitration agreement as a "useless gesture" (*Local 771, I.A.T.S.E., AFL-CIO v RKO Gen., Inc., WOR Div.*, 546 F2d 1107, 1116 [2d Cir 1977]). We also reject plaintiff's alternative argument that its claim, which seeks rescission of the employment contract based either on defendant's fraudulent inducement thereof, breach thereof, or faithlessness in conducting a competing business, is not within the ambit of the arbitration clause (*cf. Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308 [1984], citing *Matter of Weinrott [Carp]*, 32 NY2d 190 [1973]; *see generally Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 96 [1975]). Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.