■ PAT A. ERCOLI, Appellant, v EMPIRE PROFESSIONAL SOCCER, LLC, Respondent. [833 NYS2d 818]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered October 11, 2005 in a breach of contract action. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action against defendant, the owner of the Rochester Raging Rhinos soccer team, following his termination from employment as the team's head coach. Plaintiff had submitted his wrongful discharge claim to arbitration, but the demand for arbitration was dismissed as untimely pursuant to the terms of plaintiff's employment contract. Supreme Court properly granted defendant's motion insofar as it sought dismissal of the complaint on the ground that plaintiff was relegated to binding arbitration. Indeed, plaintiff correctly concedes that the contract provides for mandatory arbitration based on the provision that "all disputes, claims, and questions regarding the rights and obligations of the owner and employee under the terms of the contract are subject to arbitration" (see Egol v Egol, 68 NY2d 893, 895-896 [1986]; Triangle Equities Inc. v Listokin, 13 AD3d 269 [2004]; see also Local 771, I.A.T.S.E., AFL-CIO v RKO Gen., Inc. WOR Div., 546 F2d 1107, 1115-1116 [1977]). Plaintiff contends, however, that the arbitrator's decision is advisory only and not binding on the parties because the contract further provides that "[t]he decision of the arbitrators shall be a condition precedent to any right to legal action that either party may have against the other." Contrary to plaintiff's contention, the "condition precedent" language in the contract is merely a vestige from usage under the common law of New York prior to the enactment of legislation governing arbitration (see e.g. Matter of Scott, 200 App Div 599 [1922], affd 234 NY 539 [1922]; President of Delaware & Hudson Canal Co. v Pennsylvania Coal Co., 50 NY 250 [1872]; see also Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284, 302-303 [1929], rearg denied

253 NY 534 [1930], *appeal dismissed* 282 US 808 [1930]), and that language does not alter the efficacy of the provision in the contract that the decision of the arbitrator or arbitrators "shall be binding" (*see Local 771, I.A.T.S.E., AFL-CIO*, 546 F2d at 1115-1116; *see also Egol*, 68 NY2d at 896; *Triangle Equities Inc.*, 13 AD3d at 270; *Lovisa Constr. Co. v Metropolitan Transp. Auth.*, 225 AD2d 740, 740-741 [1996], *lv denied* 88 NY2d 808 [1996]). Arbitration therefore was plaintiff's sole available remedy, and this action was properly dismissed (*see Matter of River Brand Rice Mills, Inc. v Latrobe Brewing Co.*, 305 NY 36, 40-43 [1953]; *see also Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith*, 214 AD2d 509, 510-511 [1995]).

Finally, we note that plaintiff failed to preserve for our review his alternative contention concerning the doctrine of disproportionate forfeiture (*see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]) and, in any event, that contention is without merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ. [*See* 11 Misc 3d 1065(A), 2005 NY Slip Op 52284(U) (2005).]