OPINION OF THE COURT
McGuire, J.
Petitioners commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award rendered in their favor against respondents. In opposition to the petition to confirm, respondents contended that they had complied in full with the award—a contention vigorously disputed by petition *3 ers—and that the petition thus was moot. We hold that the parties’ dispute over compliance is itself academic and that Supreme Court correctly granted the petition to confirm the award.
Supreme Court rejected respondents’ contention that the petition was moot on two grounds. First, Supreme Court found that respondents “have not satisfied the award entirely.” Although respondents advance several arguments in support of their position that this finding of fact was erroneous, if the other, legal ground on which Supreme Court relied is valid, then the factual finding was unnecessary and we need not address respondents’ arguments challenging it. Second, Supreme Court concluded that the petition was not moot “[i]n any event, [as] petitioners are entitled to confirmation of the award despite complete compliance” (citing Matter of Allstate Ins. Co. v Dental Health Care, P.C., 24 AD3d 437, 438 [2d Dept 2005]).
Although petitioners correctly argue that Matter of Allstate Ins. Co. supports Supreme Court’s determination that they are entitled to a judgment confirming the award even if respondents have complied completely with the award, respondents correctly argue that Supreme Court’s determination is inconsistent with our decision in Organization of Staff Analysts v City of New York (277 AD2d 23 [2000]). For the reasons stated below, we conclude that we should not follow Organization of Staff Analysts.
CPLR 7510 states that the court “shall confirm an award . . . unless the award is vacated or modified upon a ground specified in section 7511” (emphasis added); mootness is not one of the grounds specified in CPLR 7511. Accordingly, petitioners argue that the Legislature has mandated confirmation of an award under all circumstances—including those in which the petition is academic or is otherwise moot—where, as here, the award is not vacated or modified.
Geneseo Police Benevolent Assn., Council 82, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v Village of Geneseo (91 AD2d 858 [1982], affd for reasons stated 59 NY2d 726 [1983]) supports petitioners’ position. In Geneseo Police, Supreme Court refused to confirm the arbitration award because the petition was premature. The Fourth Department reversed and confirmed the award. After noting that the “only purported ground . . . for resisting confirmation of the arbitration award was that it was premature,” the Court stated that
“[o]nly those grounds for resisting confirmation of *4 an award specified in CPLR 7511 may be the basis for vacating or modifying an arbitration award . . . Since the application to confirm the award was made within one year (CPLR 7510), and none of the grounds set forth in CPLR 7511 was advanced to vacate the award, Special Term erroneously refused to confirm the award” (id.).
The Court of Appeals affirmed the Fourth Department’s order for the reasons stated.
Respondents argue that Geneseo Police is distinguishable in that Supreme Court refused to confirm the arbitration award not because the petition was moot but because it was premature. As respondents argue in their reply brief, “[b]ecause the respondent in [Geneseo Police] had not yet satisfied the arbitration award, an open controversy still existed.” We are thus invited to conclude that the possibility of compliance with an award does not render a petition to confirm premature, but the actuality of compliance does render such a petition moot. Respondents elaborate with argument that is of constitutional dimension. Indeed, their main brief begins with the assertion that “[t]his appeal concerns the trial court’s failure to adhere to the fundamental principle of jurisprudence prohibiting courts from hearing a case in the absence of an actual controversy.” When an arbitration award has been complied with in full, respondents argue that judicial confirmation of the award is pointless, i.e., academic (citing, among other cases, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]). As the ‘ ‘principle [ ] which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions[ ] is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary” (id.), respondents essentially argue that the word “shall” in CPLR 7510 should not be construed as a legislative mandate to the judicial branch to exercise its powers and confirm an award even when the petition is academic.
Regardless of whether the Court of Appeals might confine Geneseo Police to its particular facts (see Matter of Seelig v Koehler, 76 NY2d 87, 92 [1990], cert denied 498 US 847 [1990]), we should not. The rationale of the Court of Appeals in Geneseo Police—“[o]n!y those grounds for resisting confirmation of an award specified in CPLR 7511 may be the basis for vacating or modifying an arbitration award”—applies with equal force to this case. So, too, do the terms of CPLR 7510, which state that *5 the court “shall confirm an award . . . unless the award is vacated or modified upon a ground specified in section 7511” (emphasis added). Giving the word “shall” its ordinary meaning, we are directed unequivocally by CPLR 7510 to confirm an arbitration award if a timely application is made whenever the award is not vacated or modified under CPLR 7511.
In Matter of Allstate Ins. Co. v Dental Health Care, P.C. (24 AD3d 437 [2005]), the Second Department cited Geneseo Police, among other precedents, in reversing an order that dismissed a petition to confirm an arbitration award. After stating that the petition to confirm was timely and that the respondent had not advanced any of the grounds specified in CPLR 7511 for vacating or modifying the award, the panel held that “the court should have granted the petition to confirm the arbitrator’s award, notwithstanding that the petitioner has already paid the amount awarded” (id. at 438, citing, among other cases, Matter of Ricciardi [Travelers Ins. Co.], 102 AD2d 871, 872 [2d Dept 1984] [petition to confirm an arbitration award granted “notwithstanding the fact that respondent has already paid the amount awarded”]).[1]
As noted above, our decision in Organization of Staff Analysts (supra) comes to a different conclusion. In that case, we held that Supreme Court correctly granted a motion to dismiss a petition to confirm an arbitration award as academic because “respondents had fully and completely satisfied the arbitration award” (277 AD2d at 23). As the record on appeal shows, we so held even though the petitioner-appellant relied on the provisions of CPLR 7510 and 7511 in arguing that the petition could not be dismissed as moot. We cited CPLR 3211 (a) (7) and 404 (a) in rejecting that argument (id.). The latter provision states that a respondent in a special proceeding “may raise an objection in point of law by setting it forth in [the] answer or by a motion to dismiss the petition”; its evident purpose is to permit a motion to be made on all grounds available in an action under CPLR 3211 (see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C404:l, at 644 [1990 ed]). The clear import of our citations to CPLR 3211 (a) (7) and 404 (a) is that the broad authority to raise an objection in point of law in either an answer or in a motion to dismiss is inconsistent with construing the word “shall” in CPLR 7510 to mandate confirmation whenever the petition is not modified or *6 vacated in accordance with CPLR 7511. On this appeal, petitioners make the same argument based on CPLR 7510 and 7511 that we rejected in Organization of Staff Analysts[2]
We decline to follow our decision in Organization of Staff Analysts. First, the parties in that case did not alert this Court to the fact that the Court of Appeals had affirmed in Geneseo Police. Second, our reliance on CPLR 404 (a) was misplaced. The directive to confirm in CPLR 7510 is not qualified by the broad terms of CPLR 404 (a) allowing the respondent in a special proceeding to raise an objection in point of law. CPLR 404 (a) is a general provision applicable to all special proceedings while the directive of CPLR 7510 is one that applies specifically to petitions to confirm an arbitration award. That specific directive, accordingly, trumps the general provision (see Matter of Brusco v Braun, 84 NY2d 674, 681 [1994]). Third, CPLR 7510 does not require confirmation of an award only upon the application of a party who prevails in whole or in part in an arbitration; rather, it directs the court to confirm an award “upon application of a party” (emphasis added). Indeed, in Matter of Allstate Ins. Co., the record on appeal reveals that the appellant, Allstate, brought the petition to confirm the award even though it was the respondent in the arbitration and the award was in favor of the respondent on the appeal, Dental Health Care, P.C., the petitioner in the arbitration (brief for petitioner-appellant at 2; see 24 AD3d at 438). In its brief, Allstate both noted that Dental Health Care (which, presumably because it got the money, did not file a brief in opposition to Allstate’s appeal) had “seemingly objected” to confirmation of the award on the ground that Allstate had not explained why it was seeking to confirm an award that it had paid (brief at 7), and argued that it “was under no obligation to include any explanation for the petition in its moving papers” (id. at 8). The effect of accepting respondents’ mootness argument would be to rewrite the statute to limit the right to obtain confirmation of an award to a subset of the parties to an arbitration proceeding. Not only would a prevailing party be precluded from seeking confirmation whenever the adverse party had complied with the award, but a losing party also would be precluded whenever it, too, had complied with the award.
*7 Although construing CPLR 7510 so as to read words into the statute that are not there ordinarily would be impermissible (see Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995]), it might be reasonable nonetheless if doing so would avoid a serious constitutional question (cf. Matter of Lorie C., 49 NY2d 161, 171 [1980]). Contrary to respondents’ implicit contention, their construction of CPLR 7510 is not needed to avoid a serious constitutional question about the authority of the Legislature to require the courts to exercise the judicial power to decide disputes in a moot proceeding. The Legislature could not so require the courts consistent with fundamental constitutional precepts (cf. US Bancorp Mortgage Co. v Bonner Mall Partnership, 513 US 18, 21 [1994] [“Of course, no statute could authorize a federal court to decide the merits of a legal question not posed in an Article III case or controversy”]),[3] but that is irrelevant.
The key here is to recognize that the broad right CPLR 7510 confers on parties to arbitration proceedings to obtain confirmation of an award renders irrelevant both whether confirmation may affect the practical rights of the parties and whether compliance with the award has occurred. We are required to conclude that in determining to confer this right on both the prevailing and the losing party, and without conditioning it on whether compliance has occurred, the Legislature made a considered decision (see Farrington v Pinckney, 1 NY2d 74, 88 [1956] [“the choice of measures is for the legislature, who are presumed to have investigated the subject, and to have acted with reason, not from caprice” (internal quotation marks omitted)]). No principle of law supports the proposition that courts are free to deny a party a statutory right on the ground that the right the Legislature chose to grant has no practical significance to the party. To the contrary, we are required not only to conclude that the Legislature made a considered choice but to give effect to the plain meaning of the statute (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]), which specifies that the court “shall confirm an award upon ap *8 plication of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511” (CPLR 7510 [emphasis added]). The word “shall” reinforces the conclusion that the specified grounds for not confirming are exclusive, and the specification of those grounds reinforces the conclusion that the word “shall” is as peremptory as it appears to be (cf. Uribe v Merchants Bank of N.Y., 91 NY2d 336, 340 [1998]).
In short, it is irrelevant in a proceeding to confirm an award whether there is a dispute about whether the award has been fully satisfied. If there is no such dispute, the court simply confirms the award. If there is such a dispute, the court ignores it and simply confirms the award. In either case, assuming of course that the respondent is not seeking to vacate or modify the award, the court is not exercising the quintessential^ judicial power to resolve disputes. Rather, it is exercising a ministerial function at the behest of the Legislature. If either the petitioner or the respondent contends that the other party has not complied with the award, the party claiming noncompliance is not prejudiced in the slightest by confirmation of the award despite its claim. After all, that very compliance dispute is a pointless one unless there is a subsequent enforcement proceeding. If there is, whether the award has been satisfied in full necessarily will be in dispute (because if not, unless the appropriate remedy is in dispute, the enforcement proceeding will be moot) and the dispute can be resolved by that court. This view of a petition to confirm an arbitration award is consistent with the fact that it is a special proceeding, a “quick and inexpensive way to implement a right” that is “brought on with the ease, speed, and economy of a mere motion” (Siegel, NY Prac § 547, at 943 [4th ed]).
Matter of Rattley v New York City Police Dept. (96 NY2d 873 [2001]) and other cases dismissing as moot CPLR article 78 petitions challenging the denial of requests under the Freedom of Information Law (Public Officers Law art 6 [FOIL]) are distinguishable. FOIL grants to the public a right of “access to the records of government in accordance with the provisions of [article 6]” (Public Officers Law § 84) and to “a person denied access to a record” the right to bring a proceeding pursuant to CPLR article 78 “for review of such denial” (Public Officers Law § 89 [4] [b]). No provision of FOIL or of CPLR article 78, however, purports to grant to a person requesting access to a record the right to a judicial declaration that the request is or is *9 not one that should be granted. Accordingly, when a request initially is denied but the party thereafter receives the record (or the record does not exist), the party seeking the record has received all that he or she is entitled to under the law. For this reason, a judicial determination resolving a dispute over the lawfulness of an earlier denial of the request would entail an unnecessary exercise of the judicial power to decide disputes.
As noted above, respondents contend that Supreme Court’s factual finding that “they have not satisfied the award entirely” is erroneous as a matter of law for several reasons. We need not detail respondents’ arguments in this regard, or determine their validity, and instead simply vacate the finding as unnecessary and potentially prejudicial to respondents in a subsequent enforcement proceeding (see Matter of Excelsior 57th Corp. [Kern], 290 AD2d 329 [1st Dept 2002]). We note that, in response to respondents’ arguments that the issue of compliance is exclusively the province of the arbitrator and that petitioners have waived any claim of noncompliance, petitioners expressly acknowledge only that the question of whether it was impossible for respondents to comply with the award “may be properly raised as a defense to a petition for contempt.”
Accordingly, the order and judgment (one paper) of Supreme Court, New York County (Kibbie F. Payne, J.), entered August 7, 2007, which granted petitioners’ motion pursuant to CPLR 7510 to confirm an arbitration award, should be modified, on the law, to vacate the finding that respondents have not complied entirely with the award, and otherwise affirmed, without costs.
Gonzalez, PJ., Moskowitz, DeGrasse and Freedman, JJ., concur.
Order and judgment (one paper), Supreme Court, New York County, entered August 7, 2007, modified, on the law, to vacate the finding that respondents have not complied entirely with the award, and otherwise affirmed, without costs.

. As discussed below, the petitioner in Matter of Allstate, the party that paid the award, was the respondent in the arbitration.

. A treatise cited by respondents also supports their position that compliance with an award renders moot a petition to confirm the award (see 13 Weinstein-Korn-Miller, NY Civ Frac ¶ 7510.01, at 75-255 [2d ed] [“After the award is made, the parties may voluntarily comply with it, thus rendering any court proceeding to confirm the award moot”]).

. US Bancorp is not directly applicable here because New York’s Constitution does not contain a “case or controversy” clause (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]). Nonetheless, as noted above, the “fundamental principle” of New York law (Matter of Hearst Corp., 50 NY2d at 713) that “forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary” (id. at 713-714).