■ NEW YORK ROWING ASSOCIATION, Respondent, v PETER JAY SHARP BOATHOUSE, INC., et al., Appellants. [939 NYS2d 41]—

The parties' agreement, whereby NYRA would manage operations at appellants' boathouse for 10 years, beginning in 2003, expressly provided that NYRA could seek arbitration of default disputes arising from NYRA's intentional breach of any provision in the parties' management agreement (*cf. Bowmer v Bowmer*, 50 NY2d 288 [1980]). Here, the appellants, in July 2011, served NYRA with a notice terminating its management services for NYRA's alleged failure to pay them an annual asset management fee, from 2009 through 2011, in accordance with the agreement's terms. NYRA filed for arbitration and, in support of its instant motion, submitted evidence that demonstrated its intentional breach of the obligation to pay the annual asset management fee. The evidence showed that, from 2007 through 2008, appellants' executive director had stated that the fee was "waived" and, thereafter, appellants themselves allegedly "breached" the parties' management agreement when they unilaterally terminated it in June 2009, effective "immediately," relying on grounds that did not constitute a material default under the terms of the agreement. Moreover, NYRA asserts that it had no obligation to pay the annual asset management fee from 2009 through 2011 because appellants not only terminated the parties' agreement, but, as in the past years, appellants never provided any "advisory services" to earn the right to an annual fee, as per the terms of the management agreement.

Such disputes are covered under the parties' arbitration clause. Furthermore, language in the agreement that expressly authorizes recourse to injunctive relief to maintain the status quo pending an arbitration award is enforceable (*see e.g. Matter of Slepian v Beanstalk Rests.*, 75 AD2d 749 [1980]). Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ.