■ In the Matter of the Arbitration between NATIONAL RECREATIONAL PRODUCTS, INC., Appellant, and THEODORE GANS, Respondent.— Petitioner appeals from the judgment of the Supreme Court, New York County at Special Term, entered April 3, 1974, denying a stay of arbitration. The

judgment is reversed, on the law, and the stay of arbitration is granted, without costs and without disbursements. The critical question in this proceeding is whether the guarantor of payment and performance of a contract of employment is bound by the provision for arbitration contained in such employment contract. Under New York law an agreement to arbitrate in a contract is separable from the "substantive" provisions of the contract in which it is contained (*Matter of Weinrott* [*Carp*], 32 N Y 2d 190) and a surety's obligations are strictly construed (*People* v. *Henry*, 33 A D 2d 1031). Thus a guarantor is not obligated to be a party to an arbitration conducted between the principal parties under an arbitration agreement in a contract to which the guarantor was not a party. The guarantee of performance as distinguished from payment cannot properly be so construed as to impose an obligation to arbitrate upon the guarantor notwithstanding he may be bound by any arbitration award and judgment thereon resulting from an arbitration proceeding between the principal parties — here the employee Gans and the employer S & B Headwear, Inc. (See *Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130; *Corbetta Constr.* v. *Driscoll Co.*, 17 A D 2d 176.) Concur — McGivern, P. J., Murphy, Tilzer and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: I would affirm. Respondent entered into an employment contract containing an arbitration clause with petitioner's wholly-owned subsidiary. Simultaneously with the execution of the employment contract, petitioner executed a guarantee providing: "In consideration of the execution of the foregoing Employment Agreement by the Employee and the Company therein named, [petitioner] hereby guarantees to the Employee the payment of all sums required to be paid * * * and the performance by [its subsidiary] of all the terms and covenants therein contained." The employee (respondent herein) claims that petitioner's wholly-owned subsidiary unlawfully terminated his employment. A notice of intention to arbitrate was served upon the direct employer and upon petitioner. The object of the guarantee was to protect respondent from any breach of his contract by petitioner's subsidiary. Petitioner guaranteed the performance. One of the conditions to be performed was arbitration. Its liability should be determined in accordance with the requirements, terms and conditions of the agreement it guaranteed. (*Madawick Contr. Co.* v. *Travelers Ins. Co.*, 307 N. Y. 111.) Upon argument, counsel for petitioner conceded that it was bound to and would pay any award against its subsidiary. Special Term correctly denied a stay of arbitration since the signing of the contract was the consideration for the guarantee and arbitration being one of its terms, petitioner was bound thereby.