## (October 13, 1977)

■    In the Matter of the Arbitration between COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant, and VICTOR ENCARNACION, Respondent.—Judgment, Supreme Court, New York County, entered January 5, 1977, unanimously reversed, on the law, and vacated, and petitioner-appellant's motion to stay arbitration granted, without costs and without disbursements. Respondent-respondent was injured by a hit-run vehicle while operating a taxi for Stell Taxi, Inc. Stell was self-insured pursuant to section 370 of the Vehicle and Traffic Law, and had obtained the requisite payment bond from petitioner-appellant as surety. After MVAIC rejected respondent-respondent's claim as answerable directly by his own vehicle's owner, he

proceeded for arbitration against petitioner, the taxi company's surety. On petitioner's motion to stay the arbitration, Special Term directed "a preliminary trial to determine whether petitioner is an insurance carrier for Stell Taxi, Inc. or merely surety on a bond issued to the company pursuant to Vehicle and Traffic Law, section 370." After hearing, Trial Term held petitioner required to arbitrate by reason of a 1971 amendment to the statute requiring that "any such bond * * * shall provide for uninsured motorist coverage." But the bond is for payment only should the principal not satisfy any judgment, and it would appear that such a provision satisfies the statutory requirement of coverage by making meaningful any arbitration award against the principal. Petitioner's obligation is no more than a guarantee of payment, and nothing in the amendment has abrogated basic rules of suretyship. "A guarantor is not obligated to be a party to an arbitration conducted between the principal parties under an arbitration agreement in a contract to which the guarantor was not a party." *(Matter of National Recreational Prods. [Gans],* 46 AD2d 618, 619.) The same principle applies to an arbitration required by law. Concur—Murphy, P. J., Birns, Markewich and Lynch, JJ.