■ HARRY POLIKOFF, Respondent, v ALAN C. KLUGER, Appellant.—In a proceeding to compel arbitration, the appeal is from an order of the Supreme Court, Westchester County, dated December 29, 1976, which denied the application. Order affirmed, with $50 costs and disbursements. We agree with Special Term that the guarantee in question was not so inextricably interwoven with other agreements so as to render the arbitration clauses contained in those other agreements applicable to the guarantee. As has so often been held, the parties' intention to adopt arbitration as an exclusive remedy must clearly appear from the contract. That is not the situation on this record, and no hearing was required to so determine. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.

■ OZELL REDDING et al., Respondents, v COUNTY OF WESTCHESTER, Appellant.—In an action to recover damages predicated upon false arrest and/or false imprisonment, defendant appeals from an order of the Supreme Court, Westchester County, entered January 12, 1977, which denied its motion to dismiss the complaint. Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed. Plaintiffs-respondents were allegedly arrested on March 7, 1975 and released from imprisonment on March 13, 1975. The charges were finally withdrawn on May 14, 1975. Plaintiffs did not commence their action until August 3, 1976. Section 50-i of the General Municipal Law provides that a tort action against a municipal corporation must be commenced within one year and 90 days after its accrual. A cause of action for false arrest and false imprisonment accrues at the time the imprisonment terminates, not when the charges are dismissed or withdrawn (Schildhaus v City of New York, 23 AD2d 409, affd 17 NY2d 853). Since plaintiffs were released from imprisonment on March 13, 1975, the commencement of the action on August 3, 1976 was not timely (see Caminito v City of New York, 25 AD2d 848, affd 19 NY2d 931; Jones v Town of Johnstown, 41 AD2d 866; Molyneaux v County of Nassau, 22 AD2d 954). Accordingly, defendant-appellant's motion should have been granted and the complaint dismissed. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.