■ In the Matter of the Arbitration between CALVIN KLEIN COMPANY et al., Appellants, and MINNETONKA, INC., Respondent. — Order, Supreme Court, New York County (Shorter, J.), entered September 24, 1981, denying the petition to stay arbitration, unanimously reversed, on the law, with costs and disbursements, and the petition granted. Special Term, without reaching the

merits, denied the application to stay arbitration on the ground that petitioners failed to move for such relief within 20 days after the assertion of the claims. This denial was error since respondent, which asserted its claims against petitioners as a counterclaim in an arbitration proceeding to which they were not a party, did not include in its answer and counterclaim the 20-day preclusion language as required by CPLR 7503 (subd [c]). Thus, even assuming that the answer and counterclaim were sufficient to confer jurisdiction over nonparties to a pending arbitration — an issue which is not before us — respondent's failure to comply with the explicit provisions of CPLR 7503 (subd [c]) permits petitioners to move for a stay of arbitration at any time prior to participation in the arbitration. (CPLR 7503, subd [c]; see, e.g., *Matter of Government Employees Ins. Co. v Kozlowski,* 62 AD2d 1056, 1057.) Since petitioners have refused to participate in the arbitration their application for a stay was timely asserted. As to the merits, the stay should have been granted since petitioners never agreed to arbitrate the matters which are the subject of the counterclaim. Respondents allege breach of a guarantee and indemnity agreement, misrepresentation and breach of warranty. Review of these claims reveals that they arise out of two specific agreements: a purchase and sale agreement which contains an arbitration clause but to which petitioners are not signatories, and a guarantee and indemnity agreement, to which they are, but which does not, either explicitly or by incorporation, contain an arbitration clause. In the absence of a specific agreement to arbitrate, the guarantors of a principal agreement containing an arbitration clause cannot be compelled to arbitrate. Parties to a commercial transaction "will not be held to have chosen arbitration as the forum for the resolution of their disputes in the absence of an express, unequivocal agreement to that effect". (*Matter of Acting Supt. of Schools of Liverpool Cent. School Dist.* [*United Liverpool Faculty Assn.*], 42 NY2d 509, 512.) Petitioners did not themselves assume any obligations under the purchase and sale agreement. A mere guarantee of performance does not constitute an assumption by the guarantor of the principal's agreement to submit to arbitration. (See *Matter of National Recreational Prods.,* [*Gans*], 46 AD2d 618, 619.) Nor are the various agreements executed by the parties "so inextricably interwoven" as to render the arbitration clause contained in the purchase and sale agreement or any other agreement applicable to the guarantee. (Cf. *Polikoff v Kluger,* 59 AD2d 776.) Concur — Murphy, P. J., Sullivan, Ross, Silverman and Asch, JJ.