LOVISA CONSTRUCTION CO., INC., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [640 NYS2d 156]

This appeal concerns a contract between the plaintiff and the New York City Transit Authority, an agent of the Metropolitan Transportation Authority, pursuant to which the plaintiff agreed to construct a railroad yard facility. After the plaintiff commenced this action, the defendants' motion for partial summary judgment was granted by the Supreme Court, which held that the plaintiff must pursue its claims in accordance with the alternate dispute resolution provision contained in Article 8.03 of the parties' contract. On appeal, the plaintiff contends that the subject alternate dispute resolution provision was not the sole remedy available to it and that this provision was invalid based upon a lack of mutuality of remedies. These contentions are without merit.

The plaintiff's interpretation of the contract conflicts with the clear intent of the alternate dispute resolution provision, which provides detailed procedures by which the plaintiff may pursue any disputes that arise under the contract. Contrary to the plaintiff's assertion, the mere fact that the alternate dispute resolution provision states that the contractor "may" initiate a dispute pursuant to the enumerated procedures

outlined therein does not afford the plaintiff the option to resort to an action pursuant to Article 10.11 of the contract. Article 10.11 pertains solely to the legal remedies available to the defendants and has no application to the plaintiff. Therefore, under these circumstances, the use of the term "may" in the alternate dispute resolution provision should be interpreted to limit the plaintiff to a choice between arbitration and abandonment of its claim (*see, Egol v Egol,* 68 NY2d 893, 896). Accordingly, the Supreme Court properly determined that the subject arbitration provision precluded the plaintiff from maintaining this action.

The plaintiff's remaining contention is without merit (*see, Sablosky v Gordon Co.,* 73 NY2d 133, 137). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.