■ In the Matter of Action Electrical Contracting Co., Inc., Appellant, v Milo E. Riverso, as President of New York

City School Construction Authority, et al., Respondents. [731 NYS2d 660] —In a proceeding pursuant to CPLR article 78, *inter alia*, in effect, to review a determination of the New York City School Construction Authority dated February 14, 2000, which suspended the petitioner from bidding on or receiving any further work from the New York City School Construction Authority and removed it from the list of prequalified bidders until July 3, 2002, the petitioner appeals from (1) a decision of the Supreme Court, Queens County (Satterfield, J.), dated November 16, 2000, and (2) a judgment of the same court, entered January 9, 2001, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the petitioner's contention, the New York City School Construction Authority (hereinafter the SCA) did not violate its right to due process by removing it from the SCA's list of prequalified bidders without first providing a full evidentiary hearing. Assuming, without deciding, that the petitioner's liberty interest was at stake, the procedures undertaken by the SCA Office of the Investigator General prior to the purported deprivation, met the requirements of due process. Under the circumstances, where the petitioner was afforded a meaningful opportunity to be heard and where it had recourse to a CPLR article 78 proceeding at the conclusion of the administrative process, a full evidentiary pre-deprivation hearing was not required (*see, Mathews v Eldridge,* 424 US 319; *Interboro Inst. v Foley,* 985 F2d 90, 93; *Oberlander v Perales,* 740 F2d 116, 120-121; *see also, Gil Constr. v Riverso,* 99 F Supp 2d 345, *affd* 2001 WL 363509 [2d Cir, Apr. 12, 2001]). Moreover, as it cannot be said that the SCA's determination lacked a rational basis (*see generally, Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 277-278; *see also, Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 444), the Supreme Court properly denied the petition and dismissed the proceeding. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.