■ In the Matter of THOMAS ANAGNOSTOPOULOS et al., Appellants, v UNION TURNPIKE MANAGEMENT CORP., Respondent. [751 NYS2d 762] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a breach of contract claim, the petitioners appeal from an order of the Supreme Court, Nassau County (Segal, J.), entered August 14, 2001, which granted the respondent's motion, in effect, pursuant to CPLR 7502 (a) (iii) to compel arbitration.

Ordered that the order is reversed, on the law, with costs, and the motion to compel arbitration is denied.

In October 1998 the respondent contracted to perform demolition and excavation work for the petitioners, and to construct their new home. The parties adopted the American Institute of Architects Standard Form of Contracts which provided, inter alia, for arbitration of their disputes. The petitioners terminated the contract in June 1999, due to the respondent's alleged failure to comply with the construction plans and specifications.

In October 1999 the respondent filed a demand to arbitrate the matter and the petitioners commenced a proceeding to stay that arbitration. The petitioners prevailed in securing a permanent stay of the claims the respondent sought to arbitrate, because the respondent had not fulfilled the contractual condition precedent of submitting its claim to an architect in a timely fashion under section 4.3.2 and article 4.4 of the contract. However, the Supreme Court stated that it was staying the arbitration without prejudice to the respondent asserting future claims when ripe under section 14.2 of the contract, for the balance due after completion of construction.

Construction of the petitioners' home was subsequently completed by another contractor and a certificate of occupancy was issued on May 2, 2000. On March 1, 2001, the respondent

tried to revive its former claim with the American Arbitration Association (hereinafter the AAA). When the AAA refused and marked its file closed due to the prior permanent stay, the respondent moved in the original proceeding to compel arbitration, again, without timely compliance with the condition precedent of submitting the dispute to the architect. In opposition to the respondent's motion to compel arbitration, the petitioners, inter alia, preserved this objection. However, the Supreme Court granted the motion, stating that equity dictates that the matter proceed to arbitration.

The respondent properly used this proceeding as a vehicle to compel arbitration (*see* CPLR 7502 [a] [iii]). The application, however, was without merit and should not have been granted.

A court has the jurisdiction to determine whether contractual conditions precedent to arbitration have been fulfilled (*see Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 364 ["Notwithstanding the existence of a broad arbitration clause, compliance with contractual limitations, expressly made conditions precedent to arbitration by the parties' agreement, is a question for threshold judicial resolution"]; *Matter of Raisler Corp. [New York City Hous. Auth.],* 32 NY2d 274, 282; *Matter of Wilaka Constr. Co. [New York City Hous. Auth.],* 17 NY2d 195, 198). In this case, the Supreme Court should have denied the motion to compel arbitration based upon the respondent's failure to fulfill in a timely fashion the contractually mandated condition precedent.

Consensual arbitration is a creature of contract (*see Matter of Schlaifer v Sedlow,* 51 NY2d 181, 185; *Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.],* 11 NY2d 128, 132). The Supreme Court had no authority to substitute its notions of equity for what the parties have agreed to in their contract. Florio, J.P., Krausman, Townes and Crane, JJ., concur.