■ In the Matter of ALLEGRO RESORTS CORPORATION, Respondent, v TRANS-AMERICAINVEST (ST. KITTS) LIMITED, Appellant. [767 NYS2d 580]—

Order, Supreme Court, New York County (Louise Gruner

Gans, J.), entered August 12, 2003, which granted petitioner guarantor's application to stay an arbitration demanded by respondent landlord insofar as the demand included the guarantor as well as the guarantor's principal, the landlord's tenant, unanimously affirmed, with costs.

The IAS court correctly held that the guarantor is not a party to the lease agreement containing the arbitration clause. Although mentioned on the cover page and first paragraph of the lease, the remainder of the lease throughout provides that it is between the landlord and the tenant only, and nowhere does it refer to "all parties" rather than "both parties." In addition, the guarantor did not sign any part of the body of the lease (*compare Development Bank of Philippines v Chemtex Fibers*, 617 F Supp 55, 56 [1985]), but only the guarantee itself, which does not contain an arbitration clause, refers to the "foregoing Lease" and is set out on a separate page that was not signed by the tenant. "In the absence of a specific agreement to arbitrate, the guarantors of a principal agreement containing an arbitration clause cannot be compelled to arbitrate . . . . A mere guarantee of performance does not constitute an assumption by the guarantor of the principal's agreement to submit to arbitration" (*Matter of Calvin Klein Co. [Minnetonka, Inc.]*, 88 AD2d 503, 504 [1982]). As the IAS court stated, any intention on the part of these sophisticated entities that the guarantor be party to arbitration between the landlord and tenant should have been less equivocal and more express. We have considered and rejected the landlord's other arguments. Concur—Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ.