■ Excel Group, Inc., Appellant, v New York City Transit Authority, Respondent. [803 NYS2d 712]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 19, 2004, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

After competitive bidding, on or about December 31, 1998, the plaintiff entered into a contract with the defendant to perform rehabilitation of three subway stations at a contract price of $37,930,725. The terms of the contract were set forth in

a form contract entitled, inter alia, "INFORMATION FOR BID-DERS, CONTRACT TERMS AND CONDITIONS."

By letter dated September 26, 2001, the defendant notified the plaintiff that it was in default of the contract and had seven days to cure. After the plaintiff submitted a "cure plan," by letter dated October 23, 2001, the defendant notified the plaintiff that the cure plan was unacceptable and terminated the contract for cause.

On or about October 31, 2001, the plaintiff commenced the instant action, inter alia, to recover damages for breach of contract and moved for a preliminary injunction restraining the defendant from enforcing a 10-day time limitation for submitting the dispute to the "DISPUTES RESOLUTION PROCE-DURE" set forth in article 8.03 of the contract (hereinafter the resolution procedure). In its answer, the defendant asserted in its second, third, and fourth affirmative defenses that the plaintiff was required to pursue the resolution procedure and "could not request de novo review" by the court.

Article 8.03 of the contract, entitled "DISPUTES RESOLU-TION PROCEDURE," states in pertinent part: "The provisions of this Article shall constitute the Contractor's sole means for . . . asserting against the Contracting Party or Authority [the defendant] any claim of whatever nature arising under, or in any way relating to, this Contract (any such challenge or assertion by the Contractor shall be herein referred to as a 'Dispute'). Exhaustion of these dispute resolution procedures including the judicial review set forth in Article 8.06 shall be the parties' sole remedy in connection with any Dispute."

Pursuant to article 8.03, technical disputes were to be referred to the defendant's "Chief Engineer" and "any" other dispute was to be referred to the defendant's Contractual Disputes Review Board, by written submission made "within the time specified in the Contract or, if no time is specified, within ten (10) days of the determination which is the subject of the Dispute" (*see Phoenix Mar. Co., Inc. v New York City Tr. Auth.,* 4 Misc 3d 1014[A], 2004 NY Slip Op 50881 [U] [2004]). A determination by the chief engineer or the Contractual Disputes Review Board "shall be final and binding on both parties" but was subject to judicial review pursuant to article 8.06 of the contract which permitted a challenge pursuant to CPLR article 78 limited to the question of whether the determination "is arbitrary, capricious or lacks a rational basis" (*see NAB Constr. Corp. v Metropolitan Transp. Auth.,* 180 AD2d 436 [1992]).

In support of its motion for a preliminary injunction, the

plaintiff argued that if it submitted its dispute to the resolution procedure, the defendant would in turn contend that the plaintiff waived its right to bring a plenary action to recover damages for breach of contract. The plaintiff claimed that pursuant to chapter 7 of the contract relating to a "Contractor's Default," it had the right to commence a plenary action. Indeed, article 7.04 provided that the "Contracting Party and the Authority may avail themselves of each and every remedy herein specifically given to them or now or hereafter existing at law or in equity or by statute . . . and the exercise, or the beginning of the exercise, of one remedy shall not be deemed to be a waiver of the right to exercise, at the same time or thereafter, any other remedy." Accordingly, the plaintiff's argument that submission of the dispute to the resolution procedure would constitute a waiver of the right to commence an action is without merit.

By order dated July 1, 2002, the plaintiff's motion for a preliminary injunction was denied on the ground that it failed to establish a likelihood of success on the merits. The plaintiff took no appeal from the order and did not submit the dispute to the resolution procedure pursuant to article 8.03 of the contract.

Thereafter, the plaintiff moved to dismiss the defendant's second, third, and fourth affirmative defenses and the defendant cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to submit the dispute to the resolution procedure. In support of its motion, the plaintiff asserted that it could proceed directly to a plenary action pursuant to article 8.05 (a) of the contract. That provision, which is entitled "STATUTE OF LIMITATIONS ON RIGHT TO SUE AUTHORITY OR CONTRACTING PARTY," states in pertinent part: "No action shall lie or be maintained by the Contractor against the Contracting Party or the Authority upon any claim arising out of or based upon this Contract . . . unless such action shall be commenced with six (6) months after the date of issuance of the Final Payment Certificate . . . or upon any claim relating to monies required to be retained for any period after the issuance of said certificate, unless such action is commenced within six months after such monies become due and payable . . . or, if this Contract is terminated or declared abandoned . . . unless such action is commenced within six (6) months after the date of such termination or declaration of abandonment by the Authority." Article 8.05 (b) further provided that any proceeding for judicial review pursuant to article 8.06 "must be commenced within

four (4) months of the issuance of the final determination" under review.

In the order appealed from, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff "must, under the terms of the contract, resort to an alternative dispute resolution process and may not bring a plenary action for money damages."

"[T]he prevailing general rule of both New York and Federal common law of contracts is that, absent a clear manifestation of contrary intent, it is presumed that the parties intended that the arbitration forum for dispute resolution provided in an agreement will survive termination of the agreement as to subsequent disputes *arising thereunder,* whether its cessation was the result of the expiration of its term, exercise of a unilateral termination option, or breach" (*Matter of Primex Intl. Corp. v Wal-Mart Stores,* 89 NY2d 594, 601-602 [1997]). Accordingly, the plaintiff was required to pursue the resolution procedure (*see Westinghouse Elec. Corp. v New York City Tr. Auth.,* 82 NY2d 47, 54 [1993]). Since its 10-day time period to pursue the resolution procedure expired, the plaintiff is foreclosed from pursuing that or any other remedy (*see Lovisa Constr. Co. v Metropolitan Transp. Auth.,* 225 AD2d 740 [1996]).

Article 8.05 of the contract did not create an exception to the requirement in article 8.03 that the dispute be submitted to the resolution procedure in cases where the contract has been terminated. Rather, article 8.05 set forth a statute of limitations for statutory actions of six months after the date of the termination of the contract as well as a four-month statute of limitations for judicial review of a determination reached under the resolution procedure.

Pursuant to article 7.04 of the contract, the plaintiff could have simultaneously pursued the resolution procedure and a plenary action to preserve its rights to recover damages in the event of a favorable determination following the resolution procedure. The contract specifically provided that "the exercise, or the beginning of the exercise, of one remedy shall not be deemed to be a waiver of the right to exercise, at the same time or thereafter, any other remedy."

In the event of an adverse determination after the exercise of the resolution procedure, the terms of article 8.06 of the contract would have limited the plaintiff's relief to judicial review of that determination pursuant to CPLR article 78 (*see Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, 6 [1997]; *Secco Elec. Corp. v Kalikow,* 13 AD3d 252 [2004], *lv denied* 5 NY3d

702 [2005]). However, by waiving all its rights to the resolution procedure pursuant to article 8.03 the plaintiff abandoned its claim against the defendant arising from the dispute (*see Lovisa Constr. Co. v Metropolitan Transp. Auth., supra* at 741).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.