■ FRANK GABRIELLI et al., Appellants, v DOBSON & PINCI et al., Defendants, and FRANK FERRANTE et al., Respondents. [859 NYS2d 59]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 25, 2007, which granted defendant Ferrante's motion for summary judgment dismissing the complaint against him and granted defendant Lefkowitz's motion pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action in the separate amended complaint against him, unanimously affirmed, without costs.

In this legal malpractice action, plaintiffs cannot show that defendant Ferrante's failure to comply with a condition precedent under plaintiffs' contract was the cause of any loss (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]), since Ferrante did not prevent them from obtaining the same recovery at a later juncture. Nor can plaintiffs show that Ferrante failed to submit timely a notice of claim to the architect with regard to a separate claim; its timeliness was not before the Second Department when it denied the motion to compel arbitration of said claim (Matter of Anagnostopoulos v Union Turnpike Mgt. Corp., 300 AD2d 393 [2002]).

As to defendant Lefkowitz, the alleged failure to extend a mechanic's lien filed by his predecessor was not negligent because he was retained after it had expired as a matter of law. The alleged failure to commence or advise of the availability of a plenary action pursuant to General Business Law § 399-c was not negligent since the statute's bar of mandatory arbitration of certain claims was intended to benefit consumers, not plaintiff contractors (see Ragucci v Professional Constr. Servs., 25 AD3d 43 [2005]). Even if, arguendo, plaintiffs fall within the protective ambit of the statute, any plenary action would have been barred by the condition precedent, which was also applicable to litigation. Moreover, Lefkowitz's failure to anticipate the 2005 appellate ruling in Ragucci, upon which plaintiffs rely (id.), would not have constituted a departure from the professional standard of care (see Darby & Darby v VSI Intl., 95 NY2d 308, 314 [2000]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and DeGrasse, JJ. [See 2007 NY Slip Op 30915(U).]