■ In the Matter of PILE FOUNDATION CONSTRUCTION COMPANY, INC., Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. [921 NYS2d 903]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Environmental Protection dated December 6, 2007, that the petitioner was in default of its obligations under New York City Contract CSO-4B, the petitioner appeals from a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated February 2, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The standard of judicial review is whether the determination that the petitioner was in default of its obligations under a

contract with the New York City Department of Environmental Protection (hereinafter the DEP) was arbitrary and capricious, affected by an error of law (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]), or lacked a rational basis (*see Matter of Ignaczak v Ryan*, 79 AD3d 881, 882 [2010]; *Red Apple Child Dev. Ctr. v Chancellor's Bd. of Review*, 307 AD2d 815, 815 [2003]). The DEP's determination that the petitioner had a sufficient opportunity to be heard in connection with the issue of whether it was in default under the parties' contract, pursuant to the terms of that contract, had a rational basis (*see Matter of Sewanhaka Fedn. of Teachers v Sewanhaka Cent. High School Dist.*, 266 AD2d 555 [1999]; *Matter of Kessel v Public Serv. Commn. of State of N.Y.*, 193 AD2d 339 [1993]; *see also Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235, 260 [2010], *cert denied sub nom. Tuck-It-Away, Inc. v New York State Urban Dev. Corp.*, 562 US —, 131 S Ct 822 [2010]), and the determination that the petitioner was in default of its obligations under the contract was not irrational, arbitrary and capricious, or affected by an error of law.

The petitioner's remaining contentions are without merit. Further, in light of our determination, we need not address the DEP's alternative ground for affirmance. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.