■ In the Matter of STONEWALL CONTRACTING CORP., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [992 NYS2d 27]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City School Construction Authority dated April 13, 2011, which, inter alia, disqualified the petitioner from bidding, contracting, and subcontracting on any future project of the New York City School Construction Authority for a period of five years, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered June 11, 2012, as, upon a decision of the same court entered March 20, 2012, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Judicial review in this CPLR article 78 proceeding is limited to whether the challenged determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Classic Realty v New York State Div. of Hous. & Community Renewal*, 2 NY3d 142, 146 [2004]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]; *cf. Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 8 [1997]). Contrary to the appellant's contention, the challenged determination of the New York City School Construction Authority was not irrational, arbitrary and capricious, or affected by an error of law (*cf. Matter of Pile Found. Constr. Co., Inc. v New York City Dept. of Envtl. Protection*, 84 AD3d 963, 964 [2011]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.