**32** In the Matter of Franco Belli Plumbing and Heating and Sons, Inc., Appellant, v New York City School Construction Authority, Respondent. [37 NYS3d 453]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City School Construction Authority dated March 12, 2012, which, inter alia, after a hearing, disqualified the petitioner from bidding, contracting, and subcontracting on any future project of the New York City School Construction Authority for a period of five years, the petitioner appeals from a judgment of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated December 21, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Judicial review in this CPLR article 78 proceeding is limited to whether the challenged determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Watson v New York State Div. of Hous. & Community Renewal [N.Y.S.D.H.C.R.]*, 109 AD3d 833, 833 [2013]; *Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d 714, 714 [2007]). Contrary to the petitioner's contention, the challenged determination of the New York City School Construction Authority was not irrational, arbitrary and capricious, or affected by an error of law (*see Matter of Stonewall Contr. Corp. v New York City Sch. Constr. Auth.*, 120 AD3d 503, 504 [2014]).

Moreover, contrary to the petitioner's contentions, it was not deprived of procedural due process during the course of the administrative hearing by, among other things, certain evidentiary rulings made by the administrative hearing panel (*see Matter of Estafanous v New York City Envtl. Control Bd.*, 136 AD3d 906, 907 [2016]; *Matter of Schroeter v Yonkers City School Dist.*, 87 AD3d 1145, 1146 [2011]; *Matter of Action Elec. Contr. Co. v Riverso*, 287 AD2d 560, 561 [2001]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Hall, J.P., Austin, Miller and Maltese, JJ., concur.