Matter of Seigfreid Bingham, P.C. (Aftercare Nursing Servs., Inc.) (2020 NY Slip Op 04646)





Matter of Seigfreid Bingham, P.C. (Aftercare Nursing Servs., Inc.)


2020 NY Slip Op 04646


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


243 CA 19-00713

[*1]SEIGFREID BINGHAM, P.C., PETITIONER-APPELLANT, ET AL., PETITIONER, AND AFTERCARE NURSING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, AFTERCARE NURSING SERVICES, INC. EMPLOYEE STOCK OWNERSHIP TRUST AND AFTERCARE NURSING SERVICES, INC., RESPONDENTS-RESPONDENTS.






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (ADELA APRODU OF COUNSEL), FOR PETITIONER-APPELLANT. 
PHILLIPS LYTLE LLP, BUFFALO (ERIN C. BOREK OF COUNSEL), AND DAVID H. GOSSEL, WEST SENECA, FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered March 6, 2019 in a proceeding pursuant to CPLR article 75. The order denied the petition insofar as it sought to stay arbitration against petitioner Seigfreid Bingham, P.C. and granted the cross petition insofar as it sought to compel arbitration against that petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The trustee of respondent Aftercare Nursing Services, Inc. Employee Stock Ownership Trust (Trust) retained petitioner-appellant (petitioner), a law firm, to provide legal services to both the Trust and respondent Aftercare Nursing Services, Inc. Employee Stock Ownership Plan (Plan). The Engagement and Fee Agreement (agreement) expressly defines the "client" as both the Trust and the Plan, and it further provides that respondent Aftercare Nursing Services, Inc. (Company) "will assume the financial responsibility for the legal fees incurred [there]under." In the section entitled "Dispute Resolution," the agreement provides that "[a]ny dispute between us arising out of, or relating to, this agreement, or the breach thereof, shall be resolved by binding arbitration between the parties. This includes, but is not limited to any claims regarding attorney's fees or costs under the agreement or regarding a claim of attorney malpractice."
The agreement was signed by the trustee on behalf of the Trust and the Plan and by an attorney acting on behalf of petitioner. The agreement was also signed by a member of the Company's board on behalf of the Company, which executed the agreement "solely to assume the financial responsibilities undertaken by the Plan pursuant to this engagement." Below all the signature blocks is the following statement: "This contract contains a binding arbitration provision which may be enforced by the parties."
A dispute thereafter developed between petitioner and respondents, and respondents served an arbitration demand on, inter alia, petitioner. Petitioners then petitioned to stay arbitration. Respondents opposed the petition and cross-petitioned to compel arbitration. As relevant on appeal, Supreme Court granted respondents' cross petition insofar as it sought to compel arbitration against petitioner and denied petitioners' corresponding petition insofar as it sought to stay arbitration against petitioner. Petitioner appeals, and we now affirm.
"A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). That rule applies with equal force to arbitration agreements (see Matter of Cullman Ventures [Conk], 252 AD2d 222, 228 [1st Dept 1998]). In this case, the agreement provides that the arbitration clause applies to all "parties" to the agreement, and there can be no reasonable dispute that all three respondents—Trust, Plan, and Company—are "parties" to the agreement. Indeed, the Trust and the Plan are collectively defined in the agreement as the "client," and the Company signed the agreement and promised to pay for the services rendered to such "client." Thus, as signed "parties" to the agreement, all three respondents are entitled to invoke the arbitration clause to resolve any dispute with petitioner "arising out of, or relating to, th[e] agreement" (see generally County of Onondaga v U.S. Sprint Communications Co., 192 AD2d 1108, 1108-1109 [4th Dept 1993]), and it is undisputed that the issues to be arbitrated arise out of or are related to the agreement.
We reject petitioner's arguments to the contrary, all of which are preserved for appellate review.
First, petitioner's reliance on Matter of Allegro Resorts Corp. v Trans-Americainvest (St. Kitts) (1 AD3d 269 [1st Dept 2003]) is misplaced. In Allegro, the First Department affirmed an order staying arbitration because the party against whom arbitration was sought had not signed the agreement containing the arbitration clause (id. at 270). Rather, the subject party had signed only a different, separate agreement that did not contain an arbitration provision (id.). Here, in contrast, all three respondents—Plan, Trust, and Company—signed and were parties to the single, unified agreement that prescribed arbitration for "[a]ny dispute between us arising from, or relating to, this agreement."
Second, the fact that the agreement provides that the Company signed it "solely to assume the financial responsibilities undertaken by the Plan" merely limits the Company's substantive obligations under the agreement, not its procedural right to arbitrate whatever disputes might arise from those—albeit limited—substantive obligations. Put differently, the "solely to assume" language in the agreement does not bar the Company from enforcing the binding arbitration provision in order to resolve any dispute that might arise in connection with its limited substantive obligations under the agreement.
Third, petitioner contends that it cannot be compelled to arbitrate with the Plan or the Company because it—petitioner—did not represent either the Plan or the Company as a "client." With respect to the Plan, petitioner's theory is unavailing because the agreement explicitly provides that petitioner was hired to provide "representation to . . . the Plan'[] and the trust funding the Plan" (emphasis added). Moreover, while petitioner is correct that it did not represent the Company as a "client," that distinction is irrelevant for purposes of arbitrability because the arbitration clause applies to any "party" to the agreement, not merely to a "client" of petitioner. As respondents put it, "[s]imply because [the Company] was not named specifically as a Client in the Agreement . . . does not mean it does not have the right to enforce the arbitration [clause] for breaches of the Agreement." Indeed, given that the Company is solely liable for the legal fees under the agreement, the agreement's explicit provision for arbitrating fee disputes would be meaningless if, as petitioner now argues, the Company could not invoke the arbitration clause.
Finally, petitioner's contention that the trustee lacked authority to execute the agreement on the Plan's behalf is without merit under well established principles of federal employee benefits law (see Taylor Forge Engineered Sys., Inc. v Beauchamp, 1999 WL 450955, *5-6 [D Kan, June 17, 1999, No. Civ. A. 98-2572-KHV], citing, inter alia, 29 USC § 1103 [a]; see also Petersen v Commr. of Internal Revenue, 924 F3d 1111, 1120 [10th Cir 2019]).
The parties' remaining contentions are academic in light of our determination.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court