Matter of Garvey v Town of Clarkstown (2020 NY Slip Op 04944)





Matter of Garvey v Town of Clarkstown


2020 NY Slip Op 04944


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-00829
 (Index No. 2125/15)

[*1]In the Matter of Michael Garvey, appellant,
v
Town of Clarkstown, et al., respondents.


Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Donald J. Feerick, Jr., and Patrick A. Knowles of counsel), for appellant.
Vincent Toomey, Lake Success, NY (Thomas J. Marcoline of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Clarkstown dated August 11, 2015, which terminated the petitioner's employment as a police sergeant for the Town of Clarkstown Police Department pursuant to Civil Service Law § 73, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated December 20, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding to review a determination of the respondent Town of Clarkstown dated August 11, 2015, which terminated his employment as a police sergeant for the Town of Clarkstown Police Department pursuant to Civil Service Law § 73. In a judgment dated December 20, 2016, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals. We affirm.
An administrative determination may be annulled when it "was made in violation of lawful procedure [or] was affected by an error of law" (CPLR 7803[3]). Here, the petitioner contends that the determination to terminate his employment was made in violation of lawful procedure and was affected by error of law. Contrary to the petitioner's contention, there were no relevant issues of fact that would have necessitated a post-termination hearing (see Matter of Prue v Hunt , 78 NY2d 364, 369; Matter of Economico v Village of Pelham , 50 NY2d 120, 128-129). The petitioner's remaining contentions are without merit. Inasmuch as the petitioner failed to establish that the challenged determination was made in violation of lawful procedure or was affected by an error of law, the Supreme Court properly denied the petition and dismissed the proceeding.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court