Matter of Finkelman v Hagshama Brooklyn 14 Park Slope Platinum, LLC (2020 NY Slip Op 06387)





Matter of Finkelman v Hagshama Brooklyn 14 Park Slope Platinum, LLC


2020 NY Slip Op 06387


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Renwick, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 655196/19 Appeal No. 12329 Case No. 2020-01261 

[*1]In Matter of Perry Finkelman, Petitioner-Appellant,
v
Hagshama Brooklyn 14 Park Slope Platinum, LLC, et al., Respondents-Respondents.


Morrison Cohen LLP, New York (Latisha V. Thompson of counsel), for appellant.
Law Offices of Steven D. Isser, New York (Steven D. Isser of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 5, 2020, which denied the petition pursuant to CPLR 7503(b) to stay arbitration against petitioner individually and granted respondents' motion to dismiss the proceeding, unanimously affirmed, with costs.
Petitioner signed a joint venture agreement containing an arbitration clause in his representative capacity only but also signed a personal guarantee of performance, which was annexed as an exhibit to the joint venture agreement. While the "mere guarantee of performance does not constitute an assumption by the guarantor of the principal's agreement to submit to arbitration" (Matter of Calvin Klein Co. [Minnetonka, Inc.], 88 AD2d 503, 504 [1st Dept 1982]; see Matter of Allegro Resorts Corp. v Trans-Americainvest [St. Kitts], 1 AD3d 269 [1st Dept 2003]), the motion court properly concluded that the clear language of the personal guarantee in this case unambiguously expresses petitioner's intent to be bound by the personal obligations of the joint venture agreement as if he were a "direct party" to that agreement, thereby clearly and unequivocally adopting the agreement, including its arbitration provision (see Shah v Monpat Constr., Inc., 65 AD3d 541, 544 [2d Dept 2009]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020