Matter of ew York Constr. & Renovation, Inc. v City of New York (2025 NY Slip Op 03723)

Matter of ew York Constr. & Renovation, Inc. v City of New York

2025 NY Slip Op 03723

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-09776
 (Index No. 505289/20)

[*1]In the Matter of New York Construction & Renovation, Inc., appellant, 
v
City of New York Department of Parks and Recreation, etc., respondent.

King & King, LLP, Pelham, NY (Peter M. Kutil of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Diana Lawless of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant City of New York Department of Parks and Recreation dated October 30, 2019, which found that the petitioner/plaintiff was in default on its obligations under a certain contract, and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bruce M. Balter, J.), dated November 10, 2020. The order and judgment granted the motion of the respondent/defendant City of New York Department of Parks and Recreation pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment, denied the petition, and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In March 2018, the respondent/defendant, City of New York Department of Parks and Recreation (hereinafter the Parks Department), accepted bids for a contract to construct a comfort station in Canarsie Park. The petitioner/plaintiff, New York Construction & Renovation, Inc. (hereinafter NYCR), was the successful bidder, and, on July 11, 2018, NYCR entered into a construction contract with the Parks Department. Pursuant to the terms of the contract, on November 2, 2018, the Parks Department directed NYCR to start work on March 1, 2019, and to complete the project by September 29, 2020. On February 27, 2019, the Parks Department, in response to NYCR's request for a four-month extension of the start date, agreed to postpone the start date by one month until April 1, 2019. NYCR, however, did not start work on the project by that date. On September 27, 2019, pursuant to article 48.2 of the contract, the Parks Department issued a notice to NYCR to "show good cause why NYCR should not be held in default of the [c]ontract" (hereinafter the September 2019 notice). Following a meeting held in relation to the September 2019 notice, the Parks Department issued a determination dated October 30, 2019, which found that NYCR was in default of its obligations under the contract.
NYCR subsequently commenced this hybrid proceeding pursuant to CPLR article 78 to review the Parks Department's determination and action for declaratory relief. The Parks Department moved pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment. By order and judgment dated November 10, 2020, the Supreme Court granted the Parks [*2]Department's motion, denied the petition, and, in effect, dismissed the proceeding/action. NYCR appeals.
Initially, the Supreme Court properly granted the Parks Department's motion pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment, since article 49.2 of the contract limited NYCR's remedy following a finding of default to judicial review in a proceeding pursuant to CPLR article 78 (see Abiele Contr. v New York City School Constr. Auth., 91 NY2d 1, 5-6, 8-9; Sound Beyond Elec. Corp. v City of New York, 100 AD3d 412, 413; Excel Group, Inc. v New York City Tr. Auth., 28 AD3d 708, 711).
The standard of judicial review herein is whether the Parks Department's determination that NYCR was in default of its obligations under the contract was made in violation of lawful procedure, was arbitrary and capricious, was affected by an error of law, or lacked a rational basis (see CPLR 7803[3]; Matter of Pile Found. Constr. Co., Inc. v New York City Dept. of Envtl. Protection, 84 AD3d 963, 963-964; Matter of Clover Constr. Consultants, Inc. v New York City Hous. Auth., 44 AD3d 654, 655). Contrary to NYCR's contention, the Parks Department's determination that NYCR was in default of it obligations under the contract based, inter alia, on NYCR's failure to submit an acceptable progress schedule, provide all of the necessary submittals, and timely obtain a necessary permit from the New York City Department of Buildings (hereinafter DOB), which delayed the work and the completion of the project, was rational and not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Pile Found. Constr. Co., Inc. v New York City Dept. of Envtl. Protection, 84 AD3d at 964; Matter of Clover Constr. Consultants, Inc. v New York City Hous. Auth., 44 AD3d at 655). "Although [NYCR] alleged that the work delays were outside of its control, [the Parks Department] rationally rejected [its] explanation for the delays" (Matter of Murgrose Constr., Inc. v City of N.Y. Dept. of Transp., 180 AD3d 625, 625-626).
Moreover, NYCR's contention that a moratorium on gas line applications by National Grid prevented it from obtaining the necessary DOB permit and timely commencing the work was not raised at the meeting held in relation to the September 2019 notice and, consequently, may not be considered by this Court (see Matter of Margulies v Town of Ramapo, 226 AD3d 783, 785; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 607).
NYCR's additional contention that the Parks Department's determination was made in violation of lawful procedure (see CPLR 7803[3]) because NYCR was deprived of due process is without merit (see Matter of Framan Mech. Inc. v City of New York [Dept. of Envtl. Protection], 188 AD3d 455; Matter of Murgrose Constr., Inc. v City of N.Y. Dept. of Transp., 180 AD3d at 625; Matter of Pile Found. Constr. Co., Inc. v New York City Dept. of Envtl. Protection, 26 Misc 3d 1231[A], 2010 NY Slip Op 50339[U] [Sup Ct, Kings County], affd 84 AD3d at 964). NYCR also failed to establish that the Parks Department's determination was affected by an error of law (see Matter of Garvey v Town of Clarkstown, 186 AD3d 1367, 1367; cf. IM Long Is., LLC v Jefferson, 177 AD3d 682, 683).
Contrary to NYCR's contention, "there are no factual issues requiring a trial pursuant to CPLR 7804(h)" (Matter of Clover Constr. Consultants, Inc. v New York City Hous. Auth., 44 AD3d at 655; see Matter of Garvey v Town of Clarkstown, 186 AD3d at 1368).
Accordingly, the Supreme Court properly granted the Parks Department's motion pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment, denied the petition, and, in effect, dismissed the proceeding/action.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court