4 Colonial Dr., LLC v Suburban Consultants, Ltd. (2025 NY Slip Op 05930)

4 Colonial Dr., LLC v Suburban Consultants, Ltd.

2025 NY Slip Op 05930

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.

ROBERT J. MILLER

HELEN VOUTSINAS

PHILLIP HOM, JJ.

2021-06306

(Index No. 605320/20)

[*1]4 Colonial Drive, LLC, et al., appellants,

v

Suburban Consultants, Ltd., et al., respondents, et al., defendant.

Michael M. Premisler, Carle Place, NY, for appellants.

Somer & Heller, LLP, Commack, NY (Jeffrey T. Heller and Barbara Hutter of counsel), for respondents Suburban Consultants, Ltd., Steven Mazziotti, Susan Laviano, and Thomas Laviano.

Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondents Joyce Styne and Berkshire Hathaway Laffey Real Estate.

DECISION & ORDER

In an action, inter alia, to recover damages for fraud, breach of contract, and negligence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated July 6, 2021. The order, insofar as appealed from, (1) granted the motion of the defendants Suburban Consultants, Ltd., and Steven Mazziotti pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, (2) granted that branch of the motion of the defendants Susan Laviano and Thomas Laviano which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, (3) granted that branch of the cross-motion of the defendants Joyce Styne and Berkshire Hathaway Laffey Real Estate which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, (4) denied the plaintiffs' motion to compel arbitration, and (5) denied the plaintiffs' cross-motion for leave to amend the complaint.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action against, among others, the defendants Suburban Consultants, Ltd. (hereinafter Suburban Consultants), Steven Mazziotti, Joyce Styne, Berkshire Hathaway Laffey Real Estate, Susan Laviano, and Thomas Laviano, inter alia, to recover damages for fraud, breach of contract, and negligence arising out of the plaintiffs' purchase of real property (hereinafter the premises) from Susan Laviano and Thomas Laviano (hereinafter together the sellers). The plaintiffs alleged, among other things, that, following the close of title, they discovered extensive structural damage throughout the premises and, inter alia, that the defendants, either separately or in concert, fraudulently, intentionally, and/or negligently hid the actual condition of the premises from the plaintiffs and failed to disclose serious damage to the premises.

Suburban Consultants and Mazziotti (hereinafter together the Suburban Consultants defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against [*2]them, and the sellers separately moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In support of their motion, the Suburban Consultants defendants submitted, inter alia, a visual inspection agreement (hereinafter the VIA) signed by the plaintiff Robert Jesberger. Pursuant to the VIA, any controversy or claim between the parties was to be submitted to arbitration, the plaintiffs were to present any claim no more than one year after the date of the inspection, and the Suburban Consultants defendants' right of examination and right to offer a resolution was a condition precedent to the commencement of any claim against them. In support of that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, the sellers submitted, among other things, the contract of sale, which contained provisions indicating that the plaintiffs were fully aware of the condition of the premises based upon the plaintiffs' own inspection and investigation and not based upon any information or representations, written or oral, made by the sellers and that the premises were being sold "as is."

The plaintiffs moved to compel arbitration and separately cross-moved for leave to amend the complaint. Joyce Styne and Berkshire Hathaway Laffey Real Estate (hereinafter together the brokers) cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiffs opposed the separate motions of the Suburban Consultants defendants and the sellers and the brokers' cross-motion.

In an order dated July 6, 2021, the Supreme Court, among other things, granted the Suburban Consultants defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, that branch of the sellers' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and that branch of the brokers' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and denied the plaintiffs' motion to compel arbitration and the plaintiffs' cross-motion for leave to amend the complaint. The plaintiffs appeal.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837; see MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 807). "[W]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Troise v NYC Dept. of Bldgs., 235 AD3d 689, 690 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).

"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Hamer v FPG Am., LLC, 235 AD3d 624, 625 [internal quotation marks omitted]; see 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 746).

Contrary to the plaintiffs' contention, the issue of whether a valid agreement to arbitrate existed was a threshold issue for the Supreme Court to determine, not an arbitrator (see CPLR 7503[a]; Matter of Mirzakandov v Mazal U Bracha, LLC, 216 AD3d 966, 967-968; Alam v Uddin, 160 AD3d 915, 917). Likewise, there is no merit to the plaintiffs' contention that their alleged noncompliance with the one-year limitations period contained in the VIA should have been addressed and determined by the arbitrator, not the court (see Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 364; Matter of Anagnostopoulos v Union Turnpike Mgt. Corp., 300 AD2d 393, 394). The plaintiffs' failure to satisfy the condition precedent of affording the Suburban Consultants defendants a right of examination and resolution prior to commencing this action required denial of the plaintiffs' motion to compel arbitration (see Matter of Evan Louis [*3]Realty Corp. v Flagg Props., 306 AD2d 409; Matter of Anagnostopoulos v Union Turnpike Mgt. Corp., 300 AD2d at 394). Moreover, the court properly granted the Suburban Consultants defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them based upon the plaintiffs' noncompliance with the one-year limitations period contained in the VIA (see Oppedisano v D'Agostino, 196 AD3d 497, 499; Excel Group, Inc. v New York City Tr. Auth., 28 AD3d 708, 710). The plaintiffs' contention that the shortened limitations period was unenforceable is without merit (see Farage v Associated Ins. Mgt. Corp., 43 NY3d 152, 160-161; Stonewall Contr. Corp. v Long Is. Rail Rd. Co., 186 AD3d 640, 643).

Where, as here, "the contract specifically disclaims the existence of warranties or representations, a cause of action alleging breach of contract based on such a warranty or representation cannot be maintained" (Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 521). In addition, "because title to the property had closed and the deed was delivered, the doctrine of merger extinguished any claim the buyer may have had regarding the contract of sale" (id.; see 98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 650). Accordingly, the Supreme Court properly granted that branch of the sellers' motion which was pursuant to CPLR 3211(a) to dismiss the breach of contract cause of action insofar as asserted against them.

"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Comora v Franklin, 171 AD3d 851, 853 [internal quotation marks omitted]; see Atlasman v Korol, 238 AD3d 826, 829). "A plaintiff's reliance must be reasonable. If the facts represented are not matters peculiarly within the defendant's knowledge, and the plaintiff has the means available to it of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, the plaintiff must make use of those means, or it will not be heard to complain that it was induced to enter into the transaction by misrepresentations" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872 [citations omitted]; see Gordon v Connie Profaci Realty, LLC, 231 AD3d 712, 713-714).

"[I]n the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor. New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (Hecker v Paschke, 133 AD3d 713, 716 [internal quotation marks omitted]; see Gordon v Connie Profaci Realty, LLC, 231 AD3d at 714). Instead, "[t]he buyer has the duty to satisfy himself [or herself] as to the quality of his [or her] bargain pursuant to the doctrine" (London v Courduff, 141 AD2d 803, 804; see Gordon v Connie Profaci Realty, LLC, 231 AD3d at 714). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property. To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor" (Razdolskaya v Lyubarsky, 160 AD3d 994, 996 [citations and internal quotation marks omitted]; see R. Vig Props., LLC v Rahimzada, 213 AD3d at 873). But "even proof of active concealment will not suffice when the plaintiff should have known" of the information that the defendant allegedly concealed (Laxer v Edelman, 75 AD3d 584, 585; see Gordon v Connie Profaci Realty, LLC, 231 AD3d at 714).

Here, the complaint failed to allege that the sellers' or the brokers' conduct thwarted the plaintiffs' efforts to fulfill their responsibilities fixed by the doctrine of caveat emptor (see Gordon v Connie Profaci Realty, LLC, 231 AD3d at 714; Hecker v Paschke, 133 AD3d at 717). Moreover, the plaintiffs' fraud causes of action are barred by the "as is" clause in the contract of sale and the specific disclaimer regarding the condition of the premises (see Hecker v Paschke, 133 AD3d at 717; Legum v Russo, 133 AD3d 638, 640). Accordingly, the Supreme Court properly granted those branches of the sellers' motion and the brokers' cross-motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud insofar as asserted against each of them.

"Although leave to amend a complaint should be freely given (see CPLR 3025[b]), a court should deny a motion for leave to amend a complaint if the proposed amendment is palpably insufficient, would prejudice or surprise the defendant, or is patently devoid of merit" (Martin v Rizzatti, 142 AD3d 591, 593; see Global World Realty, Inc. v Zubli, 219 AD3d 1495, 1498). Here, the proposed amended complaint insofar as asserted against the Suburban Consultants defendants, the sellers, and the brokers failed to cure any of the defects that warranted dismissal of the complaint (see Oak Beverages, Inc. v D.G. Yuengling & Son, Inc., _____ AD3d _____, _____, 2025 NY Slip Op 04730, *5; Singh v T-Mobile, 232 AD3d 662, 667).

The parties' remaining contentions either need not be reached in light of our determination or are without merit.

DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court